## MORGAN *v.* ROGERS.

### Opinion delivered December 1, 1924.

USURY—RENEWAL NOTE.—A renewal note given for the amount of the principal and interest of an old note is not usurious, though it bears the maximum rate of interest, to be payable semi-annually, and provides that, if the interest is not paid annually, it shall become part of the principal and bear the same rate of interest.

Appeal from Benton Chancery Court; *Ben F. McMahan,* Chancellor; affirmed.

### STATEMENT OF FACTS.

John W. Rogers brought this suit in equity against T. D. Morgan and Blanch B. Morgan, his wife, to foreclose a mortgage on real estate.

. It appears from the record that John W. Rogers conveyed the real estate in question, situated in Benton County, Arkansas, to T. D. Morgan, for the consideration of $3,600. Morgan agreed to give Rogers a mortgage on the real estate to secure the payment of the purchase money, but, by mistake, executed a mortgage on the wrong land. He then agreed to execute the mortgage in question in order to correct the description in the land. Interest in the sum of $288 was due by Morgan to Rogers, and unpaid. This sum was added to the principal sum of $3,600. Rogers then gave Morgan a check for $112, which was cashed by him. This made a total amount of $4,000 due by Morgan to Rogers. Morgan then gave his note to Rogers for $4,000, payable five years after date. The note contained a provision that it should bear interest from date at the rate of ten per cent. per annum until paid. payable semi-annually, and, if the interest was not

paid annually, it should become principal and bear the same rate of interest. The mortgage contained a provision that, in case of default in any payment of principal or interest, or a breach of any of the covenants or agreements on the part of the grantors, the whole indebtedness, at the option of the holder of the note, should become due and payable, and that the mortgage might be foreclosed. The mortgage also contained a covenant that Morgan should pay the taxes, and keep the buildings insured for the sum of $800. Morgan failed to pay the interest when it became due, and did not pay the taxes or keep up the insurance, as provided in the mortgage. Morgan admitted the execution of the note and mortgage sued on, and defended solely on the ground of usury.

The court found the issues in favor of the plaintiff, and a decree was entered accordingly. The case is here on appeal.

*Rice & Rice,* for appellants.

The contract is usurious, and void. It is not only not right, but too often oppressive, to permit the lender to require or compel a stipulation or provision in the note for payment of what is ordinarily understood as the annual interest to be made within less than the annual period, and especially to incorporate forfeiture provisions, or stipulations for forfeiting the borrower's right for the longer period agreed upon. 54 Ark. 155; 60 Ark. 289; 109 Ark. 69; 22 Ark. 413.

*Vol T. Lindsey,* for appellee.

A contract is not usurious which provides for interest at ten per cent. per annum, payable semi-annually, and, if interest be not paid annually, to become as principal and bear the same rate of interest. C. & M. Dig., § 7353; 129 Ark. 167; 87 Ark. 25. Interest taken at 10 per cent. per annum in advance for a period of twelve months is not usurious. 60 Ark. 289; 146 Ark. 55. See also 74 Ark. 250, and cases cited; 109 Ark. 69; 138 Ark. 412, 414; 55 Ark. 143; *Id.* 268-270; 145 Ark. 548-553; 144 Ark. 570.

HART, J., (after stating the facts). It appears from the record that Morgan purchased the land from Rogers for the sum of $3,600, and gave his note for the purchase money, bearing interest at the rate of 8 per cent. per annum from date until paid. He intended to give Rogers a mortgage on the land to secure the payment of the purchase price, but the mortgage described another tract of land by mistake. When the mistake was discovered, Morgan having failed to pay the interest, it was added to the principal, so that principal and interest together, with the sum of $112, which Rogers then loaned Morgan, made a total of $4,000, for which the note sued on was executed, bearing interest at the rate of ten per cent. per annum from date until paid.

This court has held that it is not usury to add the interest, when it becomes due, to the principal and take a new note for the whole, with interest at the rate of ten per cent. per annum from date until paid. *Grider* v. *Driver,* 46 Ark. 50. Therefore there was no usury in the taking of the new notes for $4,000, this being the amount of the principal and interest on the first note, together with $112 additional which Rogers loaned to Morgan.

The record shows that the interest on the new note was payable semi-annually. This court has also held that a contract charging the highest rate of interest allowed by the Constitution is not rendered usurious by the fact that payments of interest are required at intervals of less than a year. *First National Bank* v. *Waddell,* 74 Ark. 241.

The note also provided that, if the interest was not paid annually, it should become a part of the principal and bear the same rate of interest. This was not in violation of our Constitution on usury. A person may lawfully contract for the payment of interest as it accrues, and it is not necessary that the principal debt should be due at the time the payment of accrued interest is exacted. The agreement was not a positive undertaking to pay compound interest at all events, but only in case of default in the payment of the annual interest when it

fell due. Morgan could readily relieve himself from all liability thereon by the payment of the interest annually as it fell due. Our Constitution and statute are silent as to the time when the interest may be paid, and only prescribed the rate for a specified term. The language of our Constitution is that all contracts that have a greater rate of interest than ten per cent. per annum shall be void as to principal and interest, and the General Assembly shall prohibit the same by law. Article 19, § 13, of the Constitution of 1874.

This court has expressly held that taking a note bearing ten per cent. interest per annum and providing that, if interest be not paid annually, it shall become principal and bear the same rate of interest, is not such a compounding of interest as would render the note usurious. *Carney* v. *Matthewson,* 86 Ark. 25. It might be that the installments of interest might be made so frequent or unusual as to indicate a disposition to evade the spirit of the law and to compound the interest so rapidly as thereby to secure a greater rate of interest than that allowed under the Constitution, but there is nothing in this transaction to evince such an intention.

It follows that the decree will be affirmed.