[L. A. No. 9491. Department One.—June 26, 1928.]

EMMA F. CURTIS, Respondent, v. LAURIE E. THAX-TER, Appellant.

Hugh Gordon for Appellant.

George M. Harker for Respondent.

PRESTON, J.—This is an action to recover upon a promissory note and to foreclose the mortgage securing it, default having been made in the payment of both principal and interest. The terms of the note, so far as here material, are as follows: " . . . I promise to pay . . . three thousand . . . dollars with interest from date until paid, at the rate of twelve per cent per annum; payable quarterly.

Should the interest not be so paid, it shall become a part of the principal, and thereafter bear like interest as the principal. . . .'' The answer admitted the principal indebtedness but denied any liability for interest. Judgment of foreclosure, however, went for plaintiff in an amount which included both said principal sum of the note and interest thereon at twelve per cent per annum compounded quarterly to date of trial.

Allowance of usurious interest is the only error claimed. In other words, the question is: Does the provision in the note for payment of interest quarterly at the maximum legal rate, and compounded if not so paid, render said interest usurious, void and forfeited by virtue of section 2 of the Usury Law (Act 3757, Deering's Gen. Laws 1923, part 1, p. 1384)?

Section 2 of said statute reads in part: "No person . . . shall directly or indirectly take or receive . . . any greater sum . . . for the loan . . . of money . . . than at the rate of twelve dollars upon one hundred dollars for one year. . . . Any agreement or contract of any nature in conflict with the provisions of this section shall be null and void as to any agreement or stipulation therein contained to pay interest and no action at law to recover interest in any sum shall be maintained and the debt cannot be declared due until the full period of time it was contracted for has elapsed.''

Several opinions have recently been handed down by this court upholding the constitutionality of the Usury Law (*In re Washer*, 200 Cal. 598 [254 Pac. 951]) and construing the above and other provisions of it. The very question here presented is determined in and controlled by the case of *Haines* v. *Commercial Mtg. Co.*, 200 Cal. 609, 624 [53 A. L. R. 725, 254 Pac. 956, 255 Pac. 805], wherein it is held that a contention that as long as the limit of the rate of interest is maintained at twelve per cent per annum, the compounding of the interest, if not paid at the time provided for, should be allowed, is in the teeth of the statute itself and cannot be maintained. It is not even necessary to plead usury where the contract shows on its face its usurious character. Under such circumstances it is the duty of the court *sua sponte* to deny any interest (*Wallace* v. *Zinman*, 200 Cal. 585, 589 [254 Pac. 946]).

These rulings have been reannounced in *English* v. *Culley,* 85 Cal. App. 291 [259 Pac. 355], where facts similar to those of the instant case are presented. (See, also, *Verbeck* v. *Clymer,* 202 Cal. 557 [261 Pac. 1017], and *Blodgett* v. *Rheinschild,* 56 Cal. App. 728 [206 Pac. 674].) Admittedly the enforcement of this rule may work a hardship but the answer is that the plain reading of the statute compels such interpretation thereof.

The judgment is modified to exclude the allowance of any interest. The second paragraph thereof is hereby stricken out and a new provision is inserted in its stead to read as follows: "Now therefore it is ordered, adjudged and decreed: That the plaintiff have judgment against defendant Laurie E. Thaxter for three thousand (3000) dollars and costs of suit and of sale of the property hereinafter described"; and the fifth paragraph thereof is likewise hereby stricken out and a new provision is inserted in its stead to read as follows: "2nd. The sum of three thousand dollars ($3000) to the plaintiff and plaintiff's further costs of suit amounting to fourteen dollars ($14.00)."

As so modified, said judgment is affirmed.

Curtis, J., and Seawell, J., concurred.