[Civ. No. 6342. Second Appellate District, Division One.—January 31, 1930.]

E. R. WORSLEY, Appellant, v. HARRY B. SEELIG et al., Respondents.

Emmet H. Wilson for Appellant.

Milton M. Cohen and Jerome H. Kann for Respondents.

CRAIG (ELLIOT), J., *pro tem.*—As stated in plaintiff's notice of appeal, this appeal is only "from that portion of the judgment heretofore rendered and entered in the above-entitled action enjoining the defendant Title Insurance and Trust Company from selling the property described in the complaint on file herein under the trust deed referred to in the said complaint, upon any notice or proceeding wherein the amount stated to be in default or the amount for which said property is to be sold is in excess of $2,325.00."

The complaint alleges that plaintiff is the beneficiary under a deed of trust upon certain real property; that defendant Title Insurance and Trust Company as trustee under another deed of trust upon the same real property has given notice of sale under the latter trust deed and unless enjoined, will make such sale; that said latter trust deed was given upon a loan purporting to be of $3,500; but in fact of only $1800, and that the loan was usurious, and prays that the note and deed of trust be adjudged to be void, or alternatively, that they be adjudged "void as to any stipulation therein contained to pay interest and further void as to any stipulation to pay any sum in excess of $1800.00 and that it be determined that plaintiff's trust deed is a prior security to said trust deed to the Title Insurance and Trust Company," and that defendants be enjoined from any sale thereunder. Before trial plaintiff be-

came the owner of said real property as purchaser at a sale under his deed of trust and thereupon filed a supplemental complaint asking that his title be quieted as against all defendants.

The court found that "the loan was in the sum of $3500.00, which thereafter was reduced to $2325.00 and no more, and that the rate of interest exceeded the rate of $12.00 upon $100.00 for one year and therefore the said agreement for the payment of interest contravenes the usury law of the state of California." By its judgment the court permanently enjoined said Title Insurance and Trust Company from selling the real property under said deed of trust for an indebtedness in excess of the unpaid principal of $2,325 and expenses of sale. The appeal was on the judgment-roll, hence the evidence is not before us.

The appeal was taken on February 7, 1927. Thereafter, on March 4, 1927, the Supreme Court of this state in the case of *Haines* v. *Commercial Mortgage Co.*, 200 Cal. 609, 622 [53 A. L. R. 725, 255 Pac. 805, 806], said: "Even a casual reading of the statute shows that the legislative intent was not to declare the whole contract void, but only the portion thereof relating to interest." That the principal is not forfeited by a usurious loan was again declared by the Supreme Court in *Curtis* v. *Thaxter*, 204 Cal. 439 [268 Pac. 630].

The forfeiture of interest and the allowance of sale for the principal were therefore proper adjudications.

Appellant contends that the findings of fact do not support the judgment and that the judgment does not dispose of all of the issues in the case. In this connection appellant advances several propositions which we need not discuss for the reason that the appeal is from only that portion of the judgment as fully set forth at the beginning of this decision. The findings are incomplete in many particulars, but when considered with the admissions of the pleadings are sufficient to support "that portion of the judgment" appealed from.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.