[L. A. No. 15894.  In Bank.—September 15, 1936.]

JERRY MATULICH, Appellant, v. MARLO INVEST-MENT COMPANY (a Corporation), Respondent.

Earl Oakley for Appellant.

L. J. Styskal for Respondent.

CURTIS, J.—Plaintiff appeals from a judgment determining that by the adoption by the people of article XX, section 22, of the Constitution in 1934 the Usury Law (Stats. 1919, p. lxxxiii, Deering's Gen. Laws [1931], Act 3757) has been repealed.

The facts giving rise to this controversy are not in dispute, and are as follows: Defendant is licensed as a personal property broker under the Personal Property Brokers Act as amended. (Stats. 1933, p. 1496, chap. 577.) In June of 1935, defendant, while acting as such broker, loaned to plaintiff the sum of $300, which loan was evidenced by a promissory note bearing interest at the rate of three per cent per month, interest payable monthly, principal payable two years from date. Plaintiff paid seven instalments of interest totaling $63, and then defaulted in interest payments. Plaintiff thereupon brought this action for declaratory relief and prayed for a judgment declaring the loan transaction usurious and asking for the relief accorded by section 3 of the usury law, that is, that he be credited on the principal of the debt treble the amount of the usurious interest paid within one year of the bringing of the action. The trial court denied plaintiff's prayer and rendered judgment in defendant's favor. Plaintiff has appealed.

We think there is no merit in this appeal, although we are not prepared to hold that the usury law in its entirety has been repealed by the section of the Constitution above mentioned. In fact, as we view this case, the plaintiff is not entitled to recover in this action under any view that may be taken of the present usury law as contained in said statute of 1919 and the constitutional amendment of 1934. Of course, if the amendment to the Constitution repealed the usury law in its entirety, the plaintiff has no cause of action against defendant. If, on the other hand, the constitutional amendment be regarded as merely an amendment to the usury law, it specifically exempts licensed personal property brokers from the restrictions placed upon money lenders generally by the terms of said section. This, we think, will be made clear by a reference to the terms and provisions of said section 22.

The first paragraph of said section restricts the maximum rate of interest that may be charged upon loans made in this state to ten per cent per annum. The second paragraph of said section contains further restrictions upon the lender. The third paragraph of said section, however, provides that "none of the above restrictions shall apply" to certain designated organizations and individuals, among whom is "any duly licensed pawnbroker or personal property broker", and that as to these exempted classes the legislature is given the power to fix the maximum rate of interest they may charge, as well as to supervise said classes in other respects. The legislature has never exercised the power given it by the terms of said section of the Constitution in so far as it relates to personal property brokers. As a consequence of the adoption of this section of the Constitution and the failure of the legislature to regulate the rate of interest to be charged by personal property brokers, even assuming that said section of the Constitution has not repealed the usury law, there is, in our opinion, no law of this state which limits the rate of interest which may be charged by personal property brokers.

The appellant contends that until the legislature has acted under the authority given by said section 22 of article XX of the Constitution, no conflict exists between the usury law and the Constitution, and therefore the usury law is still applicable. We are not able to see the force of this contention. There is nothing in this section of the Constitution which would intimate that the general restrictions placed upon all lenders of money by the provisions of the usury law were to remain in force until the legislature had acted under the power given in said section. Had the framers of the constitutional amendment intended that these general restrictions should apply to the exempted class until the legislature had fixed the rate of interest to be charged by them it would have been an easy matter to have included such a provision in the proposed amendment. In order to accept appellant's construction of said section of the Constitution, it would be necessary for the court to read into the section a provision not to be found therein, and which it is quite evident the framers thereof never intended to include therein. The court has no such authority. (Code Civ. Proc., sec. 1858.)

We therefore conclude that, no matter which horn of the dilemma we take—that is, whether we regard the usury law as repealed by the adoption of the said section 22 of the Constitution, or whether we take the opposite view—we are compelled to hold that the defendant is not subject to any restrictions as to the rate of interest it may charge on loans made by it in its business as a duly licensed personal property broker.

It is apparent also, from what we have said, that the question of the repeal of the usury law by the adoption of said section of the Constitution is not necessarily involved in the decision of any issue arising in the present action. We have therefore expressly refrained from expressing any opinion upon that question.

The judgment is affirmed.

Shenk, J., Thompson, J., Langdon, J., Seawell, J., and Waste, C. J., concurred.