SHAW, P. J.
 

 Plaintiff seeks to recover, and by proceedings under section 437c, Code of Civil Procedure, he obtained summary judgment for, treble the amount of interest paid by him to defendant on a note. The note provided for interest at the rate of 12 per cent per annum, and plaintiff paid interest at this rate, in the sum of $144.22. The note was given by plaintiff to defendant after the addition to the Constitution, in 1934, of section 22 of article XX, limiting the rate of interest to 10 per cent, and defendant was not in any of the classes of money lenders exempted by that section from its operation. The note was therefore in contravention of that section and the interest paid by plaintiff was usurious.
 

 But the constitutional section above mentioned makes no provision for the remedy to be allowed one who has paid usurious interest. The only possible authority for the recovery of treble the interest paid is section 3 of the Usury Law of 1918. It was held in
 
 Penziner
 
 v.
 
 West American Fin. Co.,
 
 (1937) 10 Cal. (2d) 160, 173 [74 Pac. (2d) 252], that this law was not repealed by the adoption of the constitutional provision above mentioned, in so far as it applies to lenders not exempt from the constitutional restrictions. But it does not follow from this holding that section 3 of the Usury Law may be applied here. Sections 1 and 2 of the Usury Law (Deering’s Gen. Laws, 1937 ed., Act 3757) authorize contracts for interest at a rate not exceeding 12 per cent per annum and make invalid any agreement to pay interest at a greater rate than that, and section 3 provides that “Every person . . . who for any loan ... of money . . . shall have
 
 *Supp. 745
 
 paid . . . any greater sum . . . than is allowed to be received under the preceding sections, one and two, may . . . recover . . . treble the amount of the money so paid”. This plainly means that a recovery may be had if the interest paid was at a rate in excess of
 
 12
 
 per cent, and authorizes nothing more. Here there was no interest paid in excess of that rate.
 

 It is true, the Supreme Court, in reaching its conclusion in
 
 Penziner
 
 v.
 
 West American Fin. Co., supra,
 
 said: “Aside from reducing the maximum permissible rate from 12 per cent to 10 per cent there is nothing in the constitutional provision to indicate that it was intended thereby to affect the applicability of the Usury Law provisions at least in so far as they apply to the nonexempt classes of lenders” (p. 173), and “in so far as the constitutional amendment changes the maximum permissible rate of interest from 12 per cent to 10 per cent for all practical purposes, it constitutes an amendment of sections 1 and 2 of the usury law” (p. 174). But in that decision the court was dealing with no such question as we have here. The loan there involved had been made and the interest thereon in excess of 12 per cent and in violation of the Usury Law had been paid long before the adoption of the constitutional amendment, and the argument which the court was meeting was a contention of the defendant there that the Usury Law, under which the plaintiff there claimed a recovery of treble interest, had been repealed by the amendment. The statement first above quoted is directly applicable to that contention, and suggests nothing about the applicability of the Usury Law in any other form than that in which it is written. The basis for the second quoted statement had been laid in previous declarations that two paragraphs of the constitutional amendment in which the rate of 10 per cent was mentioned were, except for the reduction of the permissible rate from 12 per cent to 10 per cent, “substantially similar” to section 1 and to the first part of section 2 of the Usury Law (p. 172). The whole purpose of the discussion was merely to show that there was no such inconsistency between the Usury Law and the constitutional amendment that the former could not stand after the adoption of the latter. But the constitutional amendment did not purport to change any of the words of the Usury Law, nor do we believe that the court meant by any of the language above quoted to declare that it had that effect. As already
 
 *Supp. 746
 
 suggested, such a declaration would have been
 
 obiter dictum,
 
 and all the remarks of the court can be otherwise explained. Repeals by implication are not favored, as the court declared in the Penziner case, at page 176, and the same is true of amendments by implication. (See 59 Cor. Jur. 857, sec. 434;
 
 Scheafer
 
 v.
 
 Herman,
 
 (1916) 172 Cal. 338, 343, 344 [155 Pac. 1084].) Particularly should this be so here, where to construe the new constitutional provision as effecting an actual amendment by implication of sections 1 and 2 of the Usury Law would result in the building up by the same implication of a penalty (the treble recovery, here involved, of interest paid), and even of a crime (by reason of the provision of section 3 of the Usury Law making it a misdemeanor to violate “sections one and two of this act"). Crimes and penalties are not to be so built up.
 
 (Ex parte McNulty,
 
 (1888) 77 Cal. 164, 168 [19 Pac. 237, 11 Am. St. Rep. 257] ;
 
 People
 
 v.
 
 Zimbrolt,
 
 (1939) 35 Cal. App. (2d) (Supp.) 745 [91 Pac. (2d) 252].)
 

 When stating the effect of the Penziner decision in a case decided a few days later, the court said the holding was that “the Usury Law of 1918 had not been repealed, but that all the provisions of said Usury Law not in conflict with the provisions of said constitutional amendment were in full force and effect".
 
 (Nuckolls
 
 v.
 
 Bank of California,
 
 (1937) 10 Cal. (2d) 266, 277 [74 Pac. (2d) 264, 114 A. L. R. 708]; to same effect,
 
 Nuckolls
 
 v.
 
 Bank of California,
 
 (1937) 10 Cal. (2d) 278, 282 [74 Pac. (2d) 271].) If the Usury Law is not repealed and is “in full force and effect", it stands as written, and the effect is that while an agreement for interest on a loan at a rate greater than 10 per cent is illegal—made so by the Constitution—it does not subject the lender to the punishment for a misdemeanor or the penalty of repaying treble the amount of the interest he receives unless the rate exceeds 12 per cent. Such an application of the Constitution and the law is not without reason, and finds its analogue in provisions of the criminal law which either fix a heavier punishment for a second offense or a higher degree of the offense, or graduate the punishment according to the consequences of the forbidden act. For examples of the latter see sections 500, 501, 502, and 505 of the Vehicle Code.
 

 While the constitutional provision does not expressly provide a remedy or a penalty for its violation, and the Usury
 
 *Supp. 747
 
 Law as written does not cover cases where the rate of interest is more than 10 per cent but not more than 12 per cent, yet the constitutional provision is not without sanctions even in the eases just mentioned. Being contrary to the constitutional prohibition, a contract for interest at 12 per cent is void and the lender could not recover the interest in an action on the contract. (Civ. Code, sec. 1667;
 
 Firpo
 
 v.
 
 Murphy,
 
 (1925) 72 Cal. App. 249, 253, 254 [236 Pac. 968];
 
 Herkner
 
 v.
 
 Rubin,
 
 (1932) 126 Cal. App. 677, 681 [14 Pac. (2d) 1043].) Furthermore, if the borrower actually pays interest at an usurious rate he may, independent of the statute, recover the amount so paid in an action brought for that purpose.
 
 (Taylor
 
 v.
 
 Budd,
 
 (1933) 217 Cal. 262, 266, 267 and eases there cited.)
 

 This is a proper case for the application of the rule laid down in the case last cited. While the complaint contains a prayer for treble interest, it clearly alleges all the facts from which plaintiff’s common law right of action to recover the actual amount of interest paid by him arises, and those same facts appear in plaintiff’s affidavit in support of his motion for summary judgment. These facts are not disputed in the affidavit filed by defendant in opposition to the motion, but the affidavit for defendant states that the date of payment was January 25, 1939, instead of January 22, 1939, as stated by plaintiff, and that the payment was made by plaintiff’s attorney to defendant’s attorney, instead of between the parties personally; variances in the facts which would not impair plaintiff’s right to recover the payment. Assuming that the maker of a note who, when about to pay it off, computes the interest due at the request of the holder and informs the latter that a certain sum constitutes interest on the note at 10 per cent, or some other lawful rate, might, after that sum had been accepted by the holder in reliance on such computation, be estopped to claim that such sum was in fact in excess of lawful interest and constituted usury, the only showing tending toward such a state of affairs which is made in the affidavit for defendant relates to a different note from that upon which plaintiff paid the interest which he seeks to recover. As to the last-mentioned note, the statement in the affidavit is that the affiant, defendant’s attorney, “caused the interest- upon said promissory note to be computed at the rate therein specified”—which was 12 per
 
 *Supp. 748
 
 cent. Plaintiff has shown his right to recover the interest paid by him, with interest on the amount thereof at 7 per cent from the date of payment, and this right is not defeated by his prayer for other relief to which he was not entitled. While there is a difference of three days in the respective statements of the date of payment, interest on the amount paid for this period, 8 cents, is too trifling to be considered as grounds for requiring a trial, and the date as stated by defendant may be taken as correct.
 
 Be minimis non curat lex.
 
 Defendant has shown no defense to this demand of the plaintiff, and the plaintiff should have judgment therefor.
 

 The judgment is reversed and the cause is remanded to the municipal court with directions to render a summary judgment for plaintiff, on his motion therefor, for the sum of $144.22 together with interest thereon at the rate of 7 per cent per annum from January 25, 1939, to date of judgment and for costs, defendant to recover from plaintiff his costs of this appeal.
 

 Bishop, J., and Schauer, J., concurred.