[Civil No. 4244. Filed December 16, 1940.]

[108 Pac. (2d) 398.]

JOHN H. GREER, Also Known as J. H. GREER, and MARY E. GREER, His Wife, Also Known as MARY ELLEN GREER, Appellants, v. FRANCES E. GREER, Appellee.

Mr. Earl Platt, for Appellants.

Mr. Gilbert E. Greer, for Appellee.

LOCKWOOD, J.—Frances E. Greer, hereinafter called plaintiff, brought suit against John H. Greer and Mary E. Greer, his wife, hereinafter called defendants, upon three promissory notes secured by a

mortgage on certain real property. The first was for $1,500, dated December 14, 1932, with interest at 10 per cent. per annum, which was the legal rate at the time the note was given. It contained the following provision:

" . . . interest payable on demand—annually and if not so paid to be added to the principal and bear the same rate of interest when due, then both principal and interest shall become immediately due and payable at the option of the holder of this note."

The second note was for $510, dated December 15, 1932, with interest at 7 per cent. per annum, and contained this provision:

" . . . interest payable semi-annually and if not so paid to be added to the principal and bear the same rate of interest, and should default be made in the payment of any interest when due, then both principal and interest shall become immediately due and payable at the option of the holder of this note."

The cause of action setting up the third note was dismissed on motion of plaintiff and is, therefore, not concerned in this appeal.

Judgment was rendered for plaintiff calculated at the rates of interest set forth in the respective notes, less various payments which had been made thereon, amounting to $2,661.11 principal and interest still due, together with attorney's fees in the sum of $269.97, making a total judgment of $2,931.08, and allowing interest from February 15, 1939, on the entire sum at the rate of 10 per cent. per annum. A decree of foreclosure against the property covered by the mortgage securing the notes was also granted, together with the usual deficiency judgment, and this appeal was taken.

There are three assignments of error which raise three questions, (a) is compound interest legal in Arizona, (b) if it is, was the interest calculated on either note in such a manner as to render the same usurious

under the law, and (c) was the amount of interest fixed to be paid after judgment improperly calculated?

These questions involve a construction of our statutes in regard to interest. Those material to the present case are sections 1883 and 1884, Revised Code of 1928, being the law in effect at the time the notes in question were executed. They read as follows:

*"Legal rate of interest.* The interest for any legal indebtedness shall be at the rate of six dollars upon one hundred dollars for a year, unless a different rate is contracted for in writing. A rate of interest, not to exceed ten per cent per annum, if agreed to in writing, signed by the debtor, shall be paid; a judgment rendered on such agreement shall bear the rate of interest provided for in the agreement, and it shall be so specified in the judgment."

*"Usury prohibited; penalty.* No person shall directly or indirectly take or receive in money, goods, or things in action, or in any other way, any greater sum or any greater value for the loan or forbearance of any money, goods, or things in action, than ten dollars on one hundred dollars for one year; any person contracting for, reserving or receiving, directly or indirectly, any greater sum or value, shall forfeit all interest."

■ There is no statute in Arizona expressly dealing with the question of whether, under any circumstances, compound interest is legal, and the matter is of first impression with us so that we are at liberty to follow the rule which seems to be the most in consonance with common sense and justice.

In the present case there was an express stipulation that if the annual interest was not paid when due it should be added to the principal, and thereafter bear the same rate of interest as the principal. It would extend this opinion to undue length, and be of little value as a precedent, for us to quote from the many different authorities upon this subject for they are in hopeless conflict and cannot be reconciled on any

theory. We are of the opinion that the reasoning in support of the better rule is clearly and succinctly laid down in the case of *Jones* v. *Nossaman,* 114 Kan. 886, 221 Pac. 271, 274, 37 A. L. R. 317, in the following language:

"It seems to us that overdue and unpaid interest is simply money due, just the same as the principal debt at maturity is money due; and an agreement to pay interest on money due as logically applies to interest money due as to principal money due; . . . "

■ Nothing could be added to this statement and we hold, therefore, that compound interest, in and of itself, when agreed upon in advance by the parties to a note, is not contrary to the laws of Arizona.

We consider next the question of whether the calculation of compound interest in the manner set forth in the notes made the interest usurious, for if this be true, then the general rule must give way to the specific statute. Our usury statute said: "No person shall . . . take or receive . . . any greater value for the loan or forbearance of any money . . . than ten dollars on one hundred dollars for one year; . . . "

■ It will be seen that the first note provided for the maximum rate of interest permissible, and it is urged that calculating interest upon interest would render the actual rate of interest upon the money loaned greater than 10 per cent. per annum, and, therefore, usurious. The statute refers expressly to "loan or forbearance." We think the word "forbearance" was deliberately inserted in the statute so that it would permit an agreement to pay interest not only upon a direct loan but also upon any other money due which the creditor forbears from collecting when due, and that this term applies to interest due and unpaid on a loan. Since a creditor, when interest is due and unpaid, has the right to bring an immediate action to

recover it, we think the reasonable interpretation of the statute is that the parties may agree that if he forbears from doing so, he may charge interest thereon, and that it is not usurious even though the total interest thereby to become due in the future may exceed the maximum legal interest on the original loan. The debtor may at all times prevent compound interest from accruing under an agreement like that in the present case by paying the interest as it becomes due, and if he, for any reason, fails to do so and deprives the creditor of the use of such interest, we think in justice and common sense an agreement like that in the present case is not usurious. We hold, therefore, that neither of the notes in question was usurious and that the court properly rendered judgment thereon.

■■ The third question, however, presents a different situation. It will be noted the statute provides that when a given rate of interest is agreed upon by the parties, a judgment rendered on such agreement shall bear the rate of interest provided for in the agreement, and further that in the absence of a special agreement to the contrary the interest upon any legal indebtedness shall be at the rate of six per cent. per annum. In the present case the first note was to bear 10 per cent. interest and the judgment for the amount due thereon should have borne the same rate. The second note bore interest at 7 per cent. and the judgment rendered thereon should have borne that rate. There was no provision in the notes for interest upon attorney's fees, and under the statute interest should be calculated on that from the date of judgment at 6 per cent. The court, however, lumped the amount due upon the two notes and the attorney's fees and allowed interest on the entire amount at the rate of 10 per cent. This was clearly erroneous.

The judgment is reversed and the case remanded with instructions to render judgment for plaintiff in accordance with the views expressed herein.

ROSS, C. J., and McALISTER, J., concur.