SWAIN, J.
There are two appeals, one by the plaintiff from the part of the judgment which in effect denies it relief on the first and second causes of action; one by the defendant which awards the plaintiff $964.02 and interest on the third cause of action.
Plaintiff's Appeal
Plaintiff and defendant entered into a contract whereby the defendant agreed to pave a strip along the South curb of 237th Street, in the city of Torrance, 625 feet long and 3 feet wide which was to join the “existing pavement.” At the time the contract was executed the existing pavement of the street was 3 feet from the curb. At the time the work was done by the defendant the pavement in the street was 11 feet from the curb, 8 feet of the pavement having been removed in the interim. The defendant paved the entire 11 feet. The plaintiff paid for all of that, under written protest that it owed only for paving the strip which was 3 feet wide, not for paving 52,074 square feet, the area of a strip 11 feet x 625 feet. It seeks by Counts I and II to recover the overpayment. The trial court held that the plaintiff was required by the contract to pay for paving the entire 11 feet. This was error.
Civil Code section 1636 : “A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting, so far as the same is ascertainable and lawful.” Volume 12, California Jurisprudence 2d 328: “The construction given a contract must be such as will effectuate the mutual intention of the parties as it existed at the time of contracting.” (See also 17 C.J.S. 750.)
At the time the contract was executed there was no uncertainty or ambiguity as to the width of the strip to be paved. The plans show that it was 3 feet. The plaintiff contracted to pay for that only. The finding “that the 52,074 ft. were required to be done by the def. according to their contracts with Narbonne Homes” is not supported by the evidence. So-called expert testimony that “join the existing pavement” meant join the pavement as it existed at the time the work was done was not admissible to prove that the contract did not speak as of the time it was executed. The *Supp. 850 plaintiff is entitled to the judgment which it seeks by its first and second causes of action, unless, on retrial, other considerations defeat its claim. For instance, it is hinted but hot proved that the plaintiff was required by the city of Torrance to pave the entire 11-foot strip. Also the answer pleads that the payment was voluntarily made, but there was no finding on this issue and no contention appears to have been made at the trial, or in the briefs on appeal, that the payment was involuntary. It is clear from the above quoted finding that the case was not decided on that point. We do not attempt to decide the effect of the words “675.00 for paving 8' x 625' ... is paid under protest and without prejudice to rights of Narbonne Homes, Inc.” which appear in a written exhibit signed by both parties hereto.
Appeal by Dependant
On the third cause of action judgment was for plaintiff in the sum of $964.02, being treble the amount of interest which the defendant collected on the overdue account for paving. The interest was at the rate of 1 per cent per month.
California Constitution, article XX, section 22: “ The rate of interest upon the loan or forbearance of any money, goods or things in action, or on accounts after demand or judgment rendered in any court of the State, shall be 7 per cent per annum but it shall be competent for the parties to any loan or forbearance of any money, goods or things in action to contract in writing for a rate of interest not exceeding 10 per cent per annum.” (Emphasis added.) But, inasmuch as the interest collected did not exceed the rate of 12 per cent per year, the plaintiff was not entitled to have it trebled. (Layport v. Rieder (1939), 37 Cal.App.2d Supp. 742 [94 P.2d 96]; Civ. A. No. 4362 of this court.)
The entire judgment is reversed. Plaintiff-appellant is awarded its costs on appeal; defendant-appellant is awarded its costs on appeal.
Bishop, Acting P. J., concurred.