[Civ. No. 22370. Second Dist., Div. One. Oct. 8, 1957.]

TRUMAN E. DENNY et al., Respondents, v. EMMA HARTLEY, Appellant.

Moidel, Moidel, Moidel & Smith, Associates, and Leonard Smith for Appellant.

Stapel & Golay, David E. Golay and Douglas J. Stapel for Respondents.

FOURT, J.—This is an appeal by the defendant from a judgment which in effect awards plaintiffs certain monies because of a usurious transaction.

On or about May 6, 1953, the parties hereto entered into an escrow transaction with the California Bank, Sunset and Alvarado branch, wherein, among other things, the defendant,

as the lender, agreed to hand the bank $25,000, which was to be used for the plaintiffs when the bank could secure for her a trust deed note executed by plaintiffs for $25,000 in favor of defendant, dated May 6, 1953, due one year after date, with interest at 10 per cent per annum, interest payable quarterly beginning August 15, 1953; wherein further a privilege was reserved by plaintiffs to pay the note in full prior to maturity upon their paying ninety days' unearned interest. The note was to be secured by a deed of trust on certain described real property.

The note apparently was prepared by the bank, as the escrow holder, and submitted to the plaintiffs for their signature. The note was upon the bank's printed form with certain blanks filled in with typewriting. The note so submitted to the plaintiffs was signed by them and delivered to the bank, and read as follows:

"$25,000.00 Los Angeles, California, May 6th, 1953 ONE YEAR ON OR AFTER - - - - - - - after date, for value received, I promise to pay to EMMA HARTLEY, a widow, or order, at Los Angeles, California the sum of -TWENTY FIVE THOUSAND AND No/100 - - - DOLLARS, with interest from date - - - - - - - until paid, at the rate of -TEN- per cent per annum, payable Quarterly, beginning August 15, 1953

"Should interest not be so paid it shall thereafter bear like interest as the principal. Should default be made in payment of interest when due the whole sum of principal and interest shall become immediately due, at the option of the holder of this note. Principal and interest payable in lawful money of the United States. If action be instituted on this note I promise to pay such sum as the Court may fix as attorney's fees. This note is secured by DEED OF TRUST to CALIFORNIA TRUST COMPANY, a California corporation.

"Privilege is reserved of paying "/S/ Truman E. Denny this note in full on or before /S/ Edna H. Denny" maturity date by paying 90 days' unearned interest as a prepayment privilege."

(That part which is underscored herein is in typewriting on the note in question, and the balance thereof is printed form matter.)

About May 13, 1953, the defendant deposited $25,000 in the escrow for the benefit of the plaintiffs, and a deed of trust was recorded May 15, 1953. The note was thereafter delivered to the defendant. The entire loan was repaid to the defendant on July 21, 1954. For the use of the money the plaintiffs paid defendant $625 on September 9, 1953, $638.70 on December 30, 1953, and $1,708.33 on July 21, 1954.

The exhibits on file indicate that defendant, on June 3, 1954, exercised her right to declare a default, setting forth therein that no part of the principal had been paid, that no part of the interest had been paid, except to November 15, 1953, that there was a default in the interest due February 15, 1954, and subsequent interest, and she declared all sums secured by the deed of trust immediately due and payable and directed the trustee to sell the property. As heretofore indicated, the plaintiffs paid the debt and this action then followed.

Appellant contends that neither of the parties intended a usurious transaction, that the escrow holder violated its instructions in preparing and submitting to the plaintiffs for signature the note in question, that appellant never read the printed portions of the note and was therefore ignorant of such provisions, and therefore that the court erred, as a matter of law, in declaring the transaction to be usurious.

It must be admitted that the note, on its face, is usurious. (See *Curtis* v. *Thaxter,* 204 Cal. 439 [268 P. 630].) The appellant received the note and admittedly examined it to some extent. She accepted performance thereunder by the Dennys.

It is the rule, and has been so held many times in this state, that intent to execute a usurious rate of interest is conclusively presumed from a note or instrument which clearly shows on its face that it is usurious, and no evidence of intent or lack of such intent is required. (*Martin* v. *Kuchler,* 212 Cal. 536, 539 [299 P. 52] ; *Wood* v. *Angeles Mesa Land Co.,* 120 Cal.App. 313, 324-325 [7 P.2d 748] ; *Smith* v. *G. Cavaglieri Mortgage Co.,* 111 Cal.App. 136, 143 [295 P. 366] ; *O. A. Graybeal Co.* v. *Cook,* 111 Cal.App. 518, 528-529 [295 P. 1088] ; *Martin* v. *Ajax Construction Co.,* 124 Cal.App. 2d 425, 432 [269 P.2d 132] ; *Williams* v. *Reed,* 48 Cal.2d 57, 67-68 [307 P.2d 353].)

Appellant has cited the cases of *Pacific Finance Corp.* v. *Crane,* 131 Cal.App.2d 399 [280 P.2d 502], and *Abbot* v. *Stevens,* 133 Cal.App.2d 242 [284 P.2d 159], as authority to

support her views. As the court said in *Martin* v. *Kuchler*, *supra*, at page 539, referring to a similar citation by the appellant in that case, it is as to them "a broken reed" for the reason that in the cases so cited the obligations or notes were not usurious on their face, as is the situation in the instant case.

As to appellant's contention that the bank was at fault, suffice it to say that the bank is not a party to this action. If the bank's course of conduct brought about an injury to her, that is a matter for her to settle with the bank.

 Appellant testified that she was ignorant of the provisions contained in the printed matter on the face of the note, and in essence asserts that there was no testimony to the contrary, and therefore the court is bound by such a statement. Such is not the rule.

It apparently overtaxed the credulity of the trial court to have appellant attempt to make it appear that she was lending $25,000, with a maximum rate of interest, with full real property security, and with the borrower paying all of the loan charges, yet that she failed completely to read the printed portions of the note. To say that she did not read it is, in substance, to say (1) that she did not know the note provided that in case of a default in payment of interest the whole sum could, at her option, become due; (2) that she did not know the note was payable in lawful money of the United States, and (3) that she did not know that if she instituted an action on the note, the makers would have to pay a sum fixed by the court as attorney's fees. Ordinarily, lenders of large amounts of money are likely to show more business acumen than she indicated she did show. We think the trial court was correct in finding as it did.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied October 29, 1957, and appellant's petition for a hearing by the Supreme Court was denied December 4, 1957. Schauer, J., was of the opinion that the petition should be granted.