[S. F. No. 20226.   In Bank.   Nov. 3, 1959.]

DELBERT HEALD et al., Respondents, v. M. FRIIS-HANSEN et al., Appellants.

Stanton M. Levy and L. Nelson Hayhurst for Appellants.

Lester N. Gonser and William B. Boone for Respondents.

GIBSON, C. J.—Plaintiffs obtained judgment in an action to recover interest and penalties on allegedly usurious transactions, and defendants have appealed.

On March 10, 1952, defendants loaned plaintiffs $15,000 for one year, and plaintiffs executed a note for that amount which provided that, until payment of the principal, interest was to be paid annually at the rate of 12 per cent per annum and that, if the interest was not so paid, it was to become part of the principal and thereafter bear like interest. After the note was signed, the figure ''0'' was superimposed in pencil upon the figure ''2'' of the interest rate.

On January 9, 1953, defendants loaned plaintiffs $5,000 for 14 months, and plaintiffs executed a note for that amount which provided that, until payment of the principal, interest was to be paid annually at the rate of 12 per cent per annum and that, if the interest was not so paid, it was to become part of the principal and thereafter bear like interest. The note showed the insertion of the figure ''10'' in pencil between the lines and immediately above but not touching the provision for 12 per cent interest.

On June 19, 1953, plaintiffs executed a $7,000 note payable in one year with interest at the rate of 12 per cent per annum to be paid at maturity. As provided with respect to the prior loans, interest, if not paid when due, was to become part of the principal and thereafter bear like interest. A penciled figure ''10'' was written on the note in approximately the same location as the penciled addition to the $5,000 note.

These three notes were secured by a deed of trust upon a motel owned by plaintiffs.

On November 3, 1955, defendants loaned plaintiffs an additional sum of $4,819.50. Defendants at first demanded that the note evidencing the loan provide for 12 per cent interest but agreed to a rate of 10 per cent after being informed by the title company employee who prepared the note that a provision for interest at 12 per cent was illegal. In addition to the interest at 10 per cent, and as a condition to the making of this loan, defendants required plaintiffs to convey to them an undivided one-half interest in oil, gas, and minerals in certain lands in Madera County.

On January 21, 1957, plaintiffs paid the principal of the $4,819.50 note and the sum of $568.38 as interest, and a few weeks later they paid $1,000, which defendants applied toward payment of interest on the $15,000 note. Early in March plaintiffs sold the property covered by the deed of trust in a transaction handled through the title company, and defendants presented a demand to the title company for payment of the balance due on the three unpaid notes, calculating interest on the basis of 10 per cent compounded annually.[1] On April 1, 1957, the title company transferred $37,985.51 to the trustee under the deed of trust, which the court found on substantial evidence was a payment to defendants. This sum represented the balance of the principal and interest due on the three unpaid notes as determined in accordance with defendants' demand. Before the trustee paid any money to defendants, this action was commenced.

Section 22 of article XX of the California Constitution provides that, except as to certain enumerated classes of persons not involved here, a lender shall not receive more than 10 per cent per annum upon any loan or forbearance of

[1]The $7,000 note was given to cover a loan for $5,000 and $2,000 accrued interest on the earlier notes. Defendants took the note as drawn but later refused to accept it in payment of accrued interest, and in their demand they treated it as a note for $5,000. Plaintiffs make no objection to the position taken by defendants with respect to the note, and at the trial all the parties and the court dealt with the note as one for $5,000.

money.[2] ■ The evidence is sufficient to support the court's findings that the first three loans were made at 12 per cent interest and that defendants required a bonus in addition to interest at 10 per cent in connection with the $4,819.50 loan. Interest at a rate in excess of 10 per cent per annum was thus provided for in all of the loan transactions, and the agreements were in violation of the constitutional provisions.

■ In the absence of fraud by the borrower, the parties to a usurious transaction are not *in pari delicto*, and, where a loan agreement calls for usurious interest, the borrower may recover any interest paid. (*Stock* v. *Meek*, 35 Cal.2d 809, 816-818 [221 P.2d 15] ; *Taylor* v. *Budd*, 217 Cal. 262, 266-267 [18 P.2d 333].) Plaintiffs are entitled to recover all of the interest paid, and, to the extent that it allows them such a recovery, the judgment is supported by the record.

The court also concluded that plaintiffs were entitled to recover treble the amount of the interest paid on the $15,000 loan. The Usury Law (Stats. 1919, p. lxxxiii; Deering's Gen. Laws, 1954, Act 3757), which was approved as an initiative measure prior to the adoption of section 22 of article XX of the Constitution, states in sections 1 and 2 that the maximum permissible rate of interest is 12 dollars on 100 dollars for one year, and section 3 provides that where interest is paid in excess of the amount "allowed to be received under the preceding sections, one and two," the borrower may recover treble the amount so paid.[3]

---

[2]Article XX, section 22, of the California Constitution provides in part:

"The rate of interest upon the loan or forbearance of any money, goods or things in action, or on accounts after demand or judgment rendered in any court of the State, shall be 7 per cent per annum but it shall be competent for the parties to any loan or forbearance of any money, goods or things in action to contract in writing for a rate of interest not exceeding 10 per cent per annum. No person, association, copartnership or corporation shall by charging any fee, bonus, commission, discount or other compensation receive from a borrower more than 10 per cent per annum upon any loan or forbearance of any money, goods or things in action."

Section 22 also exempts certain enumerated persons from its provisions and authorizes the Legislature to regulate the exempt classes.

[3]The Usury Law provides in part:

Section 1: "The rate of interest upon the loan or forbearance of any money, goods or things in action or on accounts after demand or judgments rendered in any court of this state, shall be seven dollars upon the one hundred dollars for one year and at that rate for a greater or less sum or for a longer or a shorter time; but it shall be competent for parties to contract for the payment and receipt of a rate of interest not exceeding twelve dollars on the one hundred dollars for one year and not exceeding that rate for a greater or less sum or for a longer or

■ The provisions of the Usury Law must be considered in the light of the subsequent adoption of the constitutional amendment which established 10 per cent per annum as the maximum permissible rate of interest. With the exception of the change in the maximum rate of interest, the first two sentences of section 22 of article XX are substantially similar to the language appearing in section 1 of the Usury Law and the part of section 2 which relates to the maximum rate. In *Penziner* v. *West American Finance Co.*, 10 Cal.2d 160, 174 [74 P.2d 252], it was held that, insofar as "the constitutional amendment changes the maximum permissible rate of interest from 12 per cent to 10 per cent for all practical purposes, it constitutes an amendment of sections 1 and 2 of the usury law."

■ The Penziner decision is in accord with cases holding that section 22, by exempting from its restrictions certain enumerated classes of persons, such as credit unions and pawnbrokers, operates to exempt those classes from the restrictions in the Usury Law. (*Carter* v. *Seaboard Finance Co.*, 33 Cal. 2d 564, 582-583 [203 P.2d 758] ; *Wolf* v. *Pacific Southwest Discount Corp.*, 10 Cal.2d 183, 184-185 [74 P.2d 263] ; *Matu-*

---

shorter time, in which case such rate exceeding seven dollars on one hundred dollars shall be clearly expressed in writing.''

Section 2: ''No person, company, association or corporation shall directly or indirectly take or receive in money, goods or things in action, or in any other manner whatsoever, any greater sum or any greater value for the loan or forbearance of money, goods or things in action than at the rate of twelve dollars upon one hundred dollars for one year; and in the computation of interest upon any bond, note, or other instrument or agreement, interest shall not be compounded, nor shall the interest thereon be construed to bear interest unless an agreement to that effect is clearly expressed in writing and signed by the party to be charged therewith. Any agreement or contract of any nature in conflict with the provisions of this section shall be null and void as to any agreement or stipulation therein contained to pay interest and no action at law to recover interest in any sum shall be maintained and the debt cannot be declared due until the full period of time it was contracted for has elapsed.''

Section 3: ''Every person, company, association or corporation, who for any loan or forbearance of money, goods or things in action shall have paid or delivered any greater sum or value than is allowed to be received under the preceding sections, one and two, may either in person or by his or its personal representative, recover in an action at law against the person, company, association or corporation who shall have taken or received the same, or his or its personal representative, treble the amount of the money so paid or value delivered in violation of said sections, providing such action shall be brought within one year after such payment or delivery. . . .''

The Usury Law does not contain a provision permitting its amendment by the Legislature, and, since it was adopted by initiative, it can be amended only by a vote of the electors. (Cal. Const., art IV, § 1; *Penziner* v. *West American Finance Co.*, 10 Cal.2d 160, 171 [74 P.2d 252].)

*lich* v. *Marlo Investment Co.*, 7 Cal.2d 374, 375-376 [60 P.2d 842].)

Section 3 of the Usury Law, as we have seen, makes the award of treble interest depend upon a payment of interest in excess of the amount allowed by sections 1 and 2, and the 10 per cent rate, which because of the constitutional provision is to be read into sections 1 and 2, is the rate to be applied in determining whether treble interest is to be awarded. (*Milana* v. *Credit Discount Co.*, 27 Cal.2d 335, 339 [163 P.2d 869, 165 A.L.R. 621] ; see *Thomas* v. *Hunt Mfg. Corp.*, 42 Cal. 2d 734, 736 (footnote 1) [269 P.2d 12].) The cases of *Narbonne Homes, Inc.* v. *Ansco Const. Co.*, 135 Cal.App.2d Supp. 848, 850 [287 P.2d 194], and *Layport* v. *Rieder*, 37 Cal.App.2d Supp. 742, 744 et seq. [94 P.2d 96], are disapproved insofar as they are inconsistent with the views expressed above.

The recovery of treble the amount of interest paid is allowed only where the actual payments of interest are in excess of the maximum permissible rate. (*Penziner* v. *West American Finance Co.*, 10 Cal.2d 160, 179 [74 P.2d 252] ; *Weiss* v. *Brandt*, 137 Cal.App.2d 710, 719 [290 P.2d 262] ; *Moore* v. *Russell*, 114 Cal.App. 634, 642 [300 P. 479].) Although the note evidencing the $15,000 loan provided for interest at 12 per cent per annum, defendants' demand for payment was based on a calculation of interest at the rate of 10 per cent compounded annually after default, and there is no dispute that the actual payments of interest on the $15,000 loan did not exceed that rate.

Plaintiffs contend that, since the Constitution and the Usury Law limit the compensation of a lender to 10 per cent per annum, a payment of interest at that rate if compounded annually after default is usurious. We do not agree. The constitutional limitation is that the lender shall not ''receive from a borrower more than 10 per cent per annum upon any loan or forbearance of any money,'' and, where the interest is to be compounded *annually* at the maximum rate after default, the sum charged as interest in any one year will not exceed 10 per cent of the amount owed at the commencement of the year.

Several jurisdictions, on differing theories, have held that an agreement to compound interest annually at the maximum rate after default does not render a loan usurious. For example, in *Palm* v. *Fancher*, 93 Miss. 785 [48 So. 818, 33 L.R.A. N.S. 295], it was held that compounding was permissible where it was imposed only upon default and the borrower

could avoid compounding by fulfilling his contract. (See also *Morgan* v. *Rogers*, 166 Ark. 327 [266 S.W. 273].) And in *Jones* v. *Nossaman*, 114 Kans. 886 [221 P. 271, 273 et seq., 37 A.L.R. 317], the court reasoned that overdue interest is simply money due and that, since the parties, after interest is due, can make an agreement to pay interest on the accrued interest, they should be permitted to anticipate the possibility of default and to provide, in the loan agreement, that accrued interest shall itself bear interest. (See also *Greer* v. *Greer*, 56 Ariz. 394 [108 P.2d 398, 399]; Webb on Usury (1899), § 129, pp. 145-146; *cf. Newton* v. *Woodley*, 55 S.C. 132 [32 S.E. 531, 533, 33 S.E. 1].)

The present case is distinguishable from those holding that an agreement for the compounding of interest at the maximum rate at intervals of *less than a year* is usurious. (*Martin* v. *Kuchler*, 212 Cal. 536, 538-539 [299 P. 52]; *Curtis* v. *Thaxter*, 204 Cal. 439, 440-441 [268 P. 630]; *Denny* v. *Hartley*, 154 Cal.App.2d 304, 306 [315 P.2d 893]; *English* v. *Culley*, 85 Cal.App. 291, 300 [259 P. 355].) As we have seen, where interest is compounded *annually* at the maximum rate after default, the sum charged as interest for any one year will not exceed the maximum rate upon the amount of money owed at the commencement of the year, but the sum charged will exceed that rate if the interest is compounded at shorter intervals. The dictum in *Haines* v. *Commercial Mortgage Co.*, 200 Cal. 609, 625 [254 P. 956, 255 P. 805, 53 A.L.R. 725], to the effect that a contract calling for interest at the maximum rate may not provide for the compounding of interest after default, is disapproved.

Since the payments of interest on the $15,000 note did not exceed 10 per cent compounded annually after default, it was error to award plaintiffs treble the amount of interest paid.

The judgment is reversed with directions to enter judgment for plaintiffs in accordance with the views expressed above.

Traynor, J., Schauer, J., Spence, J., McComb, J., Peters, J., and White, J., concurred.

Respondents' petition for a rehearing was denied December 2, 1959.