[No. C008321. Third Dist. May 31, 1991.]

NINETY FIVE TEN et al., Plaintiffs, Cross-defendants and Respondents,
v.
ROY L. CRAIN, Defendant, Cross-complainant and Appellant.

COUNSEL

Heidelberger & Thompson and William A. Heidelberger for Defendant, Cross-complainant and Appellant.

McCallum & McCallum and Donald G. McCallum for Plaintiffs, Cross-defendants and Respondents.

OPINION

**CARR, Acting P. J.**—This appeal presents a single legal issue of whether a creditor may recover prejudgment interest on interest-only installment payments due on a standard note. The trial court determined such interest was not recoverable. We shall affirm.

Because of the single issue in this appeal, an exhaustive recitation of the factual and procedural history is unnecessary. The record discloses that in a complex real estate transaction, a "Starker" exchange under 26 United States Code section 1031 (see *Starker* v. *United States* (9th Cir. 1979) 602 F.2d 1341), Roy L. Crain (Crain) sold his interest in a shopping center to a limited partnership, named Ninety Five Ten for $1,175,000. He received as partial payment a $250,000 note providing for interest-only payments at 11 percent until the maturity date of the note, at which time the entire principal plus accrued interest was due. This note was secured by a deed of trust on the

shopping center. Ninety Five Ten and others (Elzey) sued Crain and others on May 2, 1986, seeking rescission of the contract and damages, alleging that the sellers had misrepresented the value of the property. Crain cross-complained for judicial foreclosure under the sales contract. As part of his damages he sought the delinquent monthly installments on the $250,000 note from Ninety Five Ten.

Crain prevailed on the complaint and cross-complaint. The court ultimately denied Crain's request for prejudgment interest on the delinquent installment of interest. The court did award Crain prejudgment interest on the principal amount due. Crain timely appealed.

## DISCUSSION

Crain argues a sum certain ($2,395.83) was due each month, beginning August 31, 1985, and that no payments were made following a partial payment of $692.25, made on January 31, 1986. He urges that he is entitled to interest on these monthly payments. Ninety Five Ten's sole legal argument is to refer to certain pleadings filed in the trial court and urge that Crain's position is an attempt "to change existing law regarding the compounding of interest."

We are concerned with division 4, title 2 of the Civil Code, dealing with compensatory relief.[1] Chapter 1, article 2, beginning with section 3287, discusses interest as damages. "(a) Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt. . . . [¶] (b) Every person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed." (§ 3287.) "Any legal rate of interest stipulated by a contract remains chargeable after a breach thereof, as before, until the contract is superseded by a verdict or other new obligation." (§ 3289, subd. (a).)

Chapter 2, article 1, beginning with section 3300, discusses damages for breach of contract. "[T]he measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which,

---

[1] All unspecified references are to the Civil Code.

in the ordinary course of things, would be likely to result therefrom." (§ 3300.) "The detriment caused by the breach of an obligation to pay money only, is deemed to be the amount due by the terms of the obligation, with interest thereon." (§ 3302.) Section 3357 specifies that damages set out in chapter 2 "are exclusive of exemplary damages and interest, except where those are expressly mentioned." Further, section 3358 provides that, except in cases not here relevant: "Except as expressly provided by statute, no person can recover a greater amount in damages for the breach of an obligation than he could have gained by the full performance thereof on both sides."

As Crain's damages are for breach of contract, the measure of his damages is governed by section 3302. He views the monthly payments as an obligation to pay money which he should get "with interest thereon" under section 3302. However, section 3358 provides that he is not entitled to "a greater amount in damages for the breach of an obligation than he could have gained by the full performance thereof on both sides. . . ."

The note is attached as exhibit A to the amended cross-complaint. It states that Ninety Five Ten promises to pay Crain on or before July 31, 1992, $250,000 "with interest, on the unpaid principal amount from July 31, 1985, at the rate of 11½ per cent per annum, interest payable in interest only or more monthly installments on the last day of each and every calander [sic ] month, beginning on August 31, 1985, and continuing until above maturity date, at which time the entire principal balance plus accrued interest shall become fully due and payable." The note contains an acceleration clause which states: "Should default be made in payment of interest when due the whole sum of principal and interest shall become immediately due at the option of the holder of this note."

The court awarded interest on the principal from the date of breach to the date of judgment. This is the amount of money Crain would have received in the absence of any breach by Ninety Five Ten. Crain urges that, in the absence of any breach, he would have received this money sooner, and thus he has been deprived of the interest he would have earned.

The Usury Law provides that upon a loan of money "interest shall not be compounded, nor shall the interest thereon be construed to bear interest unless an agreement to that effect is clearly expressed in writing and signed by the party to be charged therewith." (Stats. 1919, p. 1xxxiii, § 2; Deering's Ann. Uncod. Measures 1919-1 (1973 ed.) p. 40; 10 West's Ann. Civ. Code (1985 ed.) foll. § 1916.12 at p. 148. See *McConnell* v. *Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1978) 21 Cal.3d 365, 372-375 [146 Cal.Rptr. 371, 578 P.2d 1375, 18 A.L.R.4th 1050]; *Rabin & Brownlie, Usury Law in California:*

*A Guide Through the Maze* (1987) 20 U.C. Davis L.Rev. 397, 421.) There is no claim the real estate broker exemption applies. (Cal. Const., art. XV, § 1; § 1916.1.) Under this statute compounding of interest is not permitted, absent a clear agreement of the parties. (E.g., *Penzner* v. *Foster* (1959) 170 Cal.App.2d 106, 108-109 [338 P.2d 533].) A note calling for interest "per annum-monthly," as in the instant case, calls for simple interest, not compound interest. (*Fuller* v. *White* (1948) 33 Cal.2d 236, 240 [201 P.2d 16].)

To give Crain compound interest because of the breach would be to rewrite the agreement of the parties, as reflected in the promissory note.

Crain cites other authority which is inapposite to the posture of this case. After noting the rule that compound interest will not be awarded in the absence of an agreement by the parties, Crain states: "However, that general rule relates to compounding according to *contractual* provisions by the parties, but does not prevent the allowance of interest at the legal rate on a judgment," citing *Big Bear Properties, Inc.* v. *Gherman* (1979) 95 Cal.App.3d 908 [157 Cal.Rptr. 443], in which the court properly stated " 'a judgment bears interest on the whole amount thereof although such amount is made up partly of interest on the original obligation.' " (At p. 915.) Crain overlooks that, until the conclusion of the instant suit, he did not have a judgment. Until the judgment, Crain was entitled to the interest specified in the contract. (§ 3289, quoted at p. 38, *ante.*)

Crain further urges that *Daum Development Corp.* v. *Yuba Plaza, Inc.* (1970) 11 Cal.App.3d 65 [89 Cal.Rptr. 458] supports his claim. That case involved an anticipatory breach of a contract providing for commissions on commercial leases, which in certain circumstances were to be paid in installments at 5 percent interest. (*Id.* at p. 76.) The trial court declined to rule on whether those conditions existed. We held the trial court thereby erred and reversed the judgment. (*Ibid.*) As the judgment rendered would precede the date performance had been expected, the dollar amount of the judgment had to be reduced to present value. (*Ibid.*) We held:

"The applicability, here, of such measure would result in a judgment for future damages in the aggregate of any and all installments of leasing commissions payable to DDC after judgment, each such installment being discounted from its respective due date back to the date of judgment at the rate of 7 percent simple interest per annum. To this sum should be added any installments payable before judgment, with 7 percent interest on the latter installments from their respective due dates to the date of judgment. (Civ. Code, § 3287.) *The value at judgment of the 5 percent interest payments contracted for by the parties . . . should be similarly computed and awarded,*

*to the extent the such 5 percent interest is found to be applicable."* (11 Cal.App.3d at p. 77, italics added, fn. omitted.) The language we have emphasized is the portion relied on by Crain. Crain construes "similarly computed and awarded" to mean the 5 percent interest should be computed and the legal rate of interest added to that. We do not so construe this somewhat ambiguous statement. The proper interpretation is that the 5 percent should be computed, and, if appropriate, be discounted at 7 percent to arrive at present value. To the extent the *Daum* language may be construed to sanction the award of interest on interest in the absence of an agreement for such payment, it is disapproved.

Crain points to *Goodspeed* v. *Great Western Power Co.* (1939) 33 Cal.App.2d 245 [91 P.2d 623], at page 271, but that was a fraud case, not a contract case. ▬ ▬ (See *Rabinowitch* v. *Cal. Western Gas Co.* (1967) 257 Cal.App.2d 150, 160 [65 Cal.Rptr. 1]; *Nathanson* v. *Murphy* (1957) 147 Cal.App.2d 462, 467 [305 P.2d 710].)[2]

Finally, Crain urges that public policy demands adoption of a rule in his favor. However, public policy is defined by the Legislature, not this court. (See *Osborn* v. *Hertz Corp.* (1988) 205 Cal.App.3d 703, 711 [252 Cal.Rptr. 613].)

## DISPOSITION

The judgment is affirmed.

Marler, J., and Raye, J., concurred.

A petition for a rehearing was denied June 27, 1991, and appellant's petition for review by the Supreme Court was denied August 29, 1991.

---

[2]At oral argument Crain urged that the usury law was so complex that an attorney could not be expected to draft an appropriate contract without subjecting his or her client to the risk of treble damages for usury. Instead, Crain suggests the prejudgment interest statute, if interpreted in his favor, provides a "safe haven," which gives clear guidance to practitioners. We disagree with Crain's premise. Compound interest clauses are not new. The law is settled that parties to an agreement "should be permitted to anticipate the possibility of default and to provide, in the loan agreement, that accrued interest shall itself bear interest. [Citations.]" (*Heald* v. *Friis-Hansen* (1959) 52 Cal.2d 834, 840 [345 P.2d 457].) Crain's problem is his contract did not provide for interest on interest. Crain also cited *Southwest Concrete Products* v. *Gosh Construction Corp.* (1990) 51 Cal.3d 701 [274 Cal.Rptr. 404, 798 P.2d 1247]. The California Supreme Court recently ruled 11½ percent of interest per month on overdue commercial accounts which was part of contract was not subject to the usury law because it did not constitute payment for the " 'loan or forbearance of any money.' " (*Id.* at p. 705.) Again, the contract provided for such penalty charge.