[Civ. No. 4216. Third Appellate District.—November 14, 1930.]

EDITH BABCOCK, Respondent, v. B. OLHASSO, Appellant.

Haas & Dunnigan, C. H. Veale and Walter E. Bennett for Appellant.

Frazier McIntosh for Respondent.

MR. JUSTICE THOMPSON (R. L.) DELIVERED THE OPINION OF THE COURT.—This is an appeal from a judgment for the recovery of usurious interest against the payee of a promissory note.

November 27, 1924, the respondent borrowed $2,000 from the appellant. A bonus of $500 was exacted by the appellant for making the loan. The respondent executed and delivered to the appellant her promissory note for $2,500 at eight per cent interest per annum. The note was payable in monthly installments of $55 until June 2, 1927, at which date the balance became due. This note was secured by a trust deed upon real property belonging to the respondent. Prior to October 26, 1925, twelve installments of $55 each had been paid. These payments were first applied to the interest due, and the balance was credited upon the principal. The sum of $182.72 was thus applied to the account of interest. The balance of these payments, amounting to $477.28 was credited to the principal. This left a balance of $2,022.72 due upon the principal sum.

On the last-mentioned date the respondent sold to George W. Heckert the real property upon which she had executed the trust deed. The necessary instruments of conveyance were deposited in escrow with the Alhambra branch of the California Bank. On the same day the appellant deposited in escrow with that bank the note and trust deed together with a reconveyance of the property accompanied by instructions to deliver the instruments to the proper parties upon payment of the balance of principal and interest which was due upon this note. This sum was to be credited to

the appellant's account. As a part of the same transaction Heckert forthwith deposited with the bank the amount due upon the note with directions to pay it to the appellant when the purchase was consummated. This sum was subsequently paid to the appellant in satisfaction of the note, and charged against Heckert as a part of the purchase price of the property.

June 15, 1926, the respondent brought suit to recover judgment for treble the amount of interest and bonus paid to the appellant on the ground that the payments were usurious and void. The answer admits the loan substantially as it was alleged. It acknowledges the receipt of interest in the sum of $207.98. The exacting of $500 bonus is not denied. The record shows that $126.06 was paid on account of interest more than a year before the commencement of the action.

The court found that the respondent borrowed only $2,000 from the appellant; that the appellant exacted $500 bonus for the loan and charged in addition thereto eight per cent interest on the sum of $2,500; that the respondent executed and delivered to the appellant her promissory note for $2,500 at eight per cent interest per annum due three years from its date; that the respondent paid the appellant the full amount of the loan, together with $500 bonus and $207.98 interest; that a portion of said interest, to wit, the sum of $77.82, and the bonus were paid within one year prior to the commencement of the action; that the balance of the interest, to wit, $130.16 was paid more than one year before the commencement of the action; that the payments of bonus and interest exceeded twelve per cent per annum of the amount borrowed and were usurious and void. The court thereupon rendered judgment in favor of the respondent for treble the amount of $577.82 plus the additional sum of $130.16, which the court erroneously found to be $1,852.62.

The undisputed evidence shows that only $126.06 was paid on account of interest prior to one year before the commencement of the action. The difference between that sum and $207.98, which was the total amount of interest paid, is $81.92. This last-mentioned sum, together with the bonus was the amount paid on account of interest within one year prior to the commencement of the action. The court should have allowed treble the sum of $581.92 in addition

to the further sum of $126.06, which aggregates the sum of $1,871.82. The appellant, however, may not complain because the court has rendered judgment for less than the evidence warrants.

■ A promissory note which includes a bonus in addition to a rate of interest which in the aggregate amounts to more than twelve per cent on the sum borrowed is illegal and void so far as the interest and bonus are concerned. (California Usury Law, 1 Deering's Gen. Laws 1923, p. 1384, sec. 2.) The principal sum loaned is, however, not forfeited. (*Haines* v. *Commercial Mtg. Co.*, 200 Cal. 609, 622 [53 A. L. R. 725, 254 Pac. 956, 255 Pac. 805]; *Baker* v. *Butcher*, 106 Cal. App. 358 [289 Pac. 236]; *Van Noy* v. *Goldberg*, 98 Cal. App. 604, 610 [277 Pac. 538].) ■ The payment of usurious interest is regarded as having been exacted under restraint. It is not deemed to be a voluntary payment. (27 R. C. L. 269, sec. 72.) Such usurious and illegal interest which has been actually paid may be recovered in an action of *assumpsit*. (*Curtis* v. *Thaxter*, 204 Cal. 439 [268 Pac. 630].)

Section 2 of the Usury Law, *supra*, provides that: "Any agreement or contract of any nature in conflict with the provisions of this section shall be null and void as to any agreement . . . to pay interest . . . " Section 3 of this act provides a penalty against "any person . . . who shall ask, demand, receive, take, accept or charge more than twelve per cent per annum upon the sum of money actually loaned". The person exacting such usurious interest is guilty of a misdemeanor and may be punished therefor by a fine or imprisonment. This same section further provides that: "Every person . . . who for any loan . . . of money . . . shall have paid . . . any greater sum or value than is allowed to be received under the preceding sections [to wit 12% interest per annum on the amount actually borrowed] may either in person or [by] his or its personal representative recover in an action at law against the person . . . who shall have taken or received the same, . . . treble the amount of money so paid . . . provided such action shall be brought within one year after such payment. . . . "

■ The respondent was therefore entitled to judgment for threefold the sum of $581.92, which was the amount of interest paid within one year of the time of commencing

this action. The respondent was also entitled to recover the balance of the interest, to wit, $126.06, which was illegally collected from her although it was paid more than a year before the action was brought. This last sum, however, may not be trebled. The total sum to which the respondent was entitled is $1871.82.

█ The only ground for reversal which the appellant seriously urges, is that the usurious payments were in fact made by Heckert, the purchaser of the land, and not by Edith Babcock, the maker of the note, and that the respondent is, therefore, precluded from maintaining the action. The answer alleged that the final payments amounting to the sum of $2,047.88 were paid by Heckert.

The position of the appellant in this regard is stated in the following language: "Where property encumbered by a usurious lien, is transferred, subject to the lien, there can be no recovery for usury on the part of either the seller or the buyer." To support this assertion he quotes from *Matthews* v. *Ormerd*, 140 Cal. 578 [74 Pac. 136, 138], as follows: "The law seems to be well settled that a purchaser of mortgaged premises from the mortgagor, who takes a conveyance expressly 'subject to the mortgage', cannot set up a taint of usury in the mortgage."

The foregoing principle, however, has no application to the present case. Heckert did not purchase the land subject to the trust deed. The trust deed was paid, satisfied and reconveyed before Heckert took title to the property. All of the instruments together with the entire purchase price of the property, including the amount which was necessary to satisfy the note, were placed in escrow with adequate instructions to constitute one complete transaction. The legal effect of this transaction is that Heckert bought the land from the respondent free from encumbrance, paying to the bank as her trustee the full purchase price. She applied a sufficient amount of this purchase price to satisfy the appellant's note. He thereupon reconveyed the encumbered land and canceled the note. Heckert then took title. It was one transaction. The trust deed and note were not transferred to Heckert. The respondent is, therefore, entitled to recover judgment for the usurious interest which she paid, pursuant to the provisions of the usury law of California.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 13, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 12, 1931.