[S. F. No. 13763. In Bank.—January 20, 1933.]

FELTON TAYLOR et al., Appellants, v. C. A. BUDD et al., Respondents.

J. L. Smith for Appellants.

Knight, Boland & Christin, Charles A. Christin, John E. Manders and Arthur Dunn, Jr., for Respondents.

LANGDON, J.—This is an action for an accounting and other relief based upon a claim of usury in a loan from defendant Noble to plaintiffs. On May 2, 1925, plaintiffs, husband and wife, borrowed money from said defendant, executing a promissory note for one year in her favor in the amount of $11,000, secured by a deed of trust on real estate, with defendant Budd as trustee. The note contained provision for interest at twelve per cent per annum, payable monthly in advance. At the time of making the loan, $220 was deducted and paid to a real estate firm and an attorney for brokerage and legal services. At such time, also, the first month's interest on $11,000 was deducted by the lender. Hence, plaintiffs received a total of $10,670, for which they agreed to pay and did pay interest at the rate of twelve per cent on $11,000, monthly in advance.

After the note became due, interest payments were continued and on November 2, 1926, at the demand of defendants, the loan was renewed, and plaintiffs paid to the same attorney the sum of $165 for legal services in negotiating the said renewal. The new note was for the same amount as the old, with the same interest provision, and plaintiffs continued their payments of interest in advance.

On September 2, 1927, after the decision of this court in *Haines* v. *Commercial Mortgage Co.*, 200 Cal. 609 [254 Pac. 956, 255 Pac. 805, 53 A. L. R. 725], defendant Budd sent for plaintiff Felton Taylor, and after informing him of

the holding of that case, struck out the words "in advance" from the interest provision of the renewal note, telling him that he need not pay interest monthly in advance in the future. Taylor initialed the change, and paid no further interest in advance.

Some time thereafter, in March, 1928, the plaintiffs defaulted. On June 23, 1928, the trustee instituted proceedings to sell the property under the deed of trust. On October 2, 1928, plaintiffs brought this action to declare the loan usurious and the interest provisions void; to determine the amount due from plaintiffs after credit for usurious interest paid and treble damages for usurious interest paid during the year prior to the filing of the action; and to enjoin the sale save for such sum as might be properly due. Plaintiffs offered to pay whatever sum was found by the court to be proper.

Pending the trial, a temporary injunction was granted. Thereafter judgment was rendered in favor of defendants and the injunction was dissolved. The trial court proceeded upon the theory that while the original note was usurious, the initialing of the change in the same eliminated this defect, and also constituted a compromise and settlement of any claim for prior usurious payments. This theory is, in our opinion, incorrect.

■ The original loan was usurious for two reasons. First, as admitted by all parties, the requirement of the maximum interest (twelve per cent) monthly in advance was a violation of the statute, regardless of whether there was any criminal intent. (*Haines* v. *Commercial Mortgage Co., supra; Martin* v. *Kuchler*, 212 Cal. 536 [299 Pac. 52].)

■ Second, a note must be tested for usury with reference to the actual sum given by the lender to the borrower, and not by the mere face of the note; and where, as here, the *first month's interest* has been collected in advance, "the principal sum loaned will be held to be the amount of the loan less the interest or commission deducted in advance". (*Haines* v. *Commercial Mortgage Co., supra,* p. 625; see, also, *Babcock* v. *Olhasso*, 109 Cal. App. 534 [293 Pac. 141].) ■ Plaintiffs here received from the lender at the time of the loan $11,000 less $110, the first month's interest, or $10,890, upon which they continually paid interest at the rate of twelve per cent on $11,000, which

was plainly usurious. This feature was of course present in the renewal note and in the note after it was initialed, so that during the enire period of the loan usury was present. (See *Westman* v. *Dye*, 214 Cal. 28 [4 Pac. (2d) 134].)

The payment of the commission of $220 for the making of the original loan, and the fee of $165 exacted by the attorney for renewing the loan, were found by the trial court to be proper charges for services rendered, and the court also found that said sums were not retained by the *lender*. We find no showing in the record sufficient to disturb this finding.

No compromise or waiver of any claim for past usurious payments resulted from plaintiff Felton Taylor's act in initialing the change in the note. As a compromise and release it was totally lacking in consideration, since the lender merely relinquished for the future all claims for *illegal interest*. The borrower was not, at that time, in default. As a waiver, it lacked any indication of an intent on the part of plaintiffs to give up any rights. There was no evidence that Taylor was fully aware of his right to recover unlawful interest paid, and there was no express reference to claims for past usury. Waiver is an *intentional* relinquishment of a *known* right. (*Wienke* v. *Smith*, 179 Cal. 220 [176 Pac. 42]; *Alden* v. *Mayfield*, 164 Cal. 6 [127 Pac. 45]; *First Nat. Bank* v. *Maxwell*, 123 Cal. 360 [55 Pac. 980, 69 Am. St. Rep. 64].) Nor was there any estoppel, for the act was induced by defendant Budd, and there was no reliance or change of position by said defendant as a result of any act of plaintiffs.

The next question is as to the remedies available to plaintiffs. They are clearly entitled to recover treble the amount of interest paid under the note during the year preceding the action. (Usury Law, sec. 3; 2 Deering's Gen. Laws, 1931, Act 3757, p. 1908.) They are also entitled to recover the actual usurious interest paid prior to the year preceding the action, and within two years of the suit. The penalty of treble interest specified in the act has been held in this state to be cumulative, and not to abrogate the common-law remedy to recover money paid under illegal provisions of a contract. Payments of usury are not considered voluntary but are deemed to be

made under restraint. (*Babcock* v. *Olhasso, supra;* *Curtis* v. *Thaxter,* 204 Cal. 439 [268 Pac. 630] ; see, also, *Westman* v. *Dye, supra.*) ■ The view expressed by the appellate department of the superior court in *Douglas* v. *Klopper,* 107 Cal. App. Supp. 765 [288 Pac. 36], that only the excess over the legal rate of seven per cent may be recovered, is in conflict with the above-mentioned holdings, and must be disapproved.

■ The final contention of defendants that plaintiffs are not entitled to maintain this action because they failed to make a tender of the amount due under the note may be simply answered. The complaint alleged ability and willingness on the part of plaintiffs to pay the entire principal, less any credits that might be due; plaintiffs testified to such effect; and the court so found. Inasmuch as the action was in equity and the amount to be paid was dependent upon an accounting and a determination of what constituted the actual usurious payments, it was neither possible nor necessary for plaintiffs to make a formal tender of any definite sum. The offer to do equity was sufficient.

For the reasons given, it is apparent that the court erred in denying relief to plaintiffs and in dissolving the temporary injunction. The judgment must therefore be, and it is hereby, reversed.

Preston, J., Shenk, J., Seawell, J., Curtis, J., and Waste, C. J., concurred.

Rehearing denied.