[L. A. No. 14794. In Bank.—January 29, 1935.]

DISTRICT BOND COMPANY. (a Corporation), Respondent, v. GEORGE H. S. HALEY et al., Defendants; ·O. P. ADAMS et al., Appellants.

Mott, Vallee & Grant, Birger Tinglof and Kenneth E. Grant for Appellants.

Dryer, Castle & Richards and Dryer, Castle, McConlogue & Richards, for Respondent.

PRESTON, J.—Upon consideration of this cause, we hereby adopt as our opinion herein the following opinion prepared for the District Court of Appeal, Second District, Division One, by Mr. Justice Houser:

"A judgment in favor of the plaintiff District Bond Company is the basis of the instant appeal, and was the result of an action brought by said plaintiff against certain stock-

holders of Syndicate Company, a corporation, to enforce the statutory liability as such stockholders on account of money alleged to have been borrowed by Syndicate Company from the plaintiff.

■ "A large portion of the brief of the appellants is devoted to a consideration of each of several points, all of which being founded upon the basic question of whether the evidence adduced on the trial of the action was sufficient to sustain the several findings and the ensuing judgment. No useful purpose would be served by a statement of the gist of such evidence. Suffice it to say that, after a careful examination of the record herein, this court is convinced that the record is sufficient to justify the several conclusions thereon reached by the trial court; from which it follows that none of the several contentions of the appellants that are primarily dependent upon the asserted insufficiency of the evidence can be sustained.

■ "It is also urged by the appellants that in each of several instances the trial court erred to the damage of the defense either in the admission, or in the rejection, of certain items of evidence. Upon an examination by this court of such specifications of error, although it may be that in strictness some of the proffered evidence that was ruled out might properly have been admitted, or that some of the objections of the defendants to the admission of certain evidence which were sustained might well have been overruled, nevertheless, without conceding the existence of any such alleged error, but giving due weight to the probable combined effect of all of such assumed errors, it is clear that they could not have affected the final result of the trial.

■ "Since the original promissory notes and each of the renewals thereof which evidenced the alleged indebtedness of Syndicate Company to District Bond Company, carried a provision by which, in the event that an action should be brought thereon, the obligor agreed to pay attorney's fees, it becomes manifest that the objection presented by appellants to the findings, the conclusion and the judgment by the trial court with reference thereto, cannot prevail.

■ "The original loans made by the plaintiff to Syndicate Company, of which the several defendants were stockholders, and which, as hereinbefore set forth, were evidenced by promissory notes, together with other written

agreements or understandings between the interested parties, disclosed facts from which the ultimate conclusion was inevitable (as in effect was found by the trial court) that the agreed rate of interest to be paid by the borrower on each of such notes and the several renewals thereof was usurious. As in principle has been announced by the Supreme Court of this state in each of the cases of *Haines* v. *Commercial Mortgage Co.*, 200 Cal. 609 [254 Pac. 956, 255 Pac. 805, 53 A. L. R. 725], *Ames* v. *Occidental L. I. Co.*, 210 Cal. 271 [291 Pac. 182], and *Westman* v. *Dye*, 214 Cal. 28 [4 Pac. (2d) 134], the payment of usurious interest may be set off against the principal debt. Without contradiction of the fact, the record herein shows that in accordance with the agreement of the interested parties a total of $45,697.07 was thus paid; and that in calculating the several amounts for which the respective stockholders were liable no account was taken of the said amount which should have been credited on the principal obligation.''

In connection with the foregoing, it is ordered that finding No. XI, made by the trial court, be and it is amended so that after such amendment has been made, it will read as follows:

''That it is true that prior to the 21st day of June, 1926, the terms of the agreement between plaintiff and Syndicate Company required the payment of interest upon said indebtedness in excess of the rate of 12% per annum, and that subsequent to the 21st day of June, 1926, the terms of the agreement between the plaintiff and Syndicate Company required the payment of interest at the rate of 12% per annum compounded quarterly, and that the terms of said agreement between the said parties were void as to the payment of interest thereon; and the interest so agreed to be paid thereon was usurious; that the total amount of money paid by Syndicate Company to District Bond Company by way of such usurious interest was the sum of $45,697.07; and that no part thereof has been credited against the principal of said indebtedness.''

It is further ordered that any other finding or findings, in whole or in part, made by the trial court, so far as in any respect the same may be, or which may appear to be, in conflict, or inconsistent with, finding No. XI as thus amended, shall be disregarded.

It is further ordered that as to the appealing defendants the total judgment against each of them be modified by reducing the amount thereof in the proportion that the sum of $45,697.07 bears to the total of the principal debt of Syndicate Company to the plaintiff, as found by the trial court. As thus modified, the judgment is affirmed; appellants to recover costs.

Langdon, J., Curtis, J., Seawell, J., and Waste, C. J., concurred.