[Civ. No. 5460.   Fourth Dist.   July 19, 1957.]

LYLE M. SHIRLEY et al., Respondents, v. CLARENCE BRITT et al., Appellants.

Harry V. Ashfield and Edward L. Bracklow for Appellants.

Edwin C. Jeffries for Respondents.

MUSSELL, J.—This is an action to foreclose a chattel mortgage given to secure the payment of a promissory note executed by the defendants on January 2, 1951, and providing for the payment to plaintiffs of the sum of $29,000, on demand, together with interest at the rate of 8 per cent per annum, and attorney's fees. Defendants in their answer admitted the execution of the note and mortgage and claimed a credit on the principal of said note in the sum of $17,100 by reason of payments made on it between January 1, 1951 and November 1, 1955. They further alleged that there was no consideration for the note and that they were entitled to treble damages for the interest paid at the rate of 12 per cent per annum on promissory notes executed by them prior to the note sued upon. Defendants appeal from the judgment which was entered for plaintiffs in the sum of $29,000, principal, plus $97 interest, together with attorney's fees.

In December, 1947, and during 1947 and 1948, plaintiffs loaned various sums of money to the defendants, which sums were evidenced by promissory notes payable on demand and providing for the payment of interest at the rate of 12 per cent per annum. Various payments were made on said notes and on January 2, 1951, the defendants, at the request of plaintiffs, executed the note involved herein for $29,000 in lieu of the said promissory notes theretofore executed by them. The note involved is secured by a chattel mortgage, providing for the payment of interest at the rate of 8 per cent per annum. However, at the demand of plaintiff Lyle M. Shirley, the defendants on January 2, 1951, signed a letter addressed to Mr. and Mrs. Shirley, stating in part as follows:

"This letter is intended to clarify the rate of earned interest paid you on all monies invested with us to this date and any future date.

"The rate of interest paid you is Eight (8) per cent per annum. Any additional payments is and has been in the form of a bonus payment on earnings received from your investment."

Plaintiff Lyle Shirley testified at the trial that when he discovered it was illegal to collect 12 per cent interest per annum "I made Mr. Britt come through with that letter for, you know, 8% and 4% bonus."

During the years 1951, 1952, 1953 and 1954 the defendants paid to plaintiffs the sum of $290 per month interest, or $3,480 per year, which amounted to 12 per cent per annum as interest on the loan of $29,000, as is contended by appellants, or interest and bonus, as contended by plaintiffs. During each of the months of 1955 up to and including October, defendants paid $290 per month interest, or interest and bonus, on said note. Appellants contend they paid $8,952.11 interest for the years 1947-1950, inclusive, and $16,820 on the $29,000 note for the years 1951-1955, inclusive; that these payments constituted usurious interest and should have been applied to the principal obligation and that when so applied there would remain due to the respondent the sum of $3,227.89, for which sum they would be entitled to judgment against the appellants.

There may be some question as to whether, under the evidence, the sum of $8,952.11 claimed to have been paid by appellants prior to 1951 amounted to usurious interest and therefore should have been applied to the principal of the $29,000 note, as it does not clearly appear how the parties calculated the amount due from defendants to plaintiffs at the time of the execution of the $29,000 note. However, it clearly appears that the defendants paid interest at the rate of 12 per cent per annum on the note sued upon during the years 1951-1955, inclusive, in the sum of $16,820. In this connection plaintiff Shirley testified that these sums were paid as interest and bonus for the use of the $29,000 loan.

Article XX, section 22, of the California Constitution provides in part:

"The rate of interest upon the loan or forbearance of any money, goods or things in action, or on accounts after demand or judgment rendered in any court of the State, shall be 7 per cent per annum but it shall be competent for the parties to

any loan or forbearance of any money, goods or things in action to contract in writing for a rate of interest not exceeding 10 per cent per annum.

"No person, association, copartnership or corporation shall by charging any fee, bonus, commission, discount or other compensation receive from a borrower more than 10 per cent per annum upon any loan or forbearance of any money, goods or things in action."

The provisions of the Usury Law (Deering's Gen. Laws, Act 3757), inconsistent with the constitutional provisions, are no longer in effect and the legal rate of interest is 10 per cent per annum. (*Brown* v. *Cardoza*, 67 Cal.App.2d 187, 191 [153 P.2d 767].)

In *Thomas* v. *Hunt Mfg. Corp.*, 42 Cal.2d 734, 740 [269 P.2d 12], the court said:

"The conscious and voluntary taking of more than the legal rate of interest constitutes usury and the only intent necessary on the part of the lender is to take the amount of interest which he receives; if that amount is more than the law allows, the offense is complete. (*Klett* v. *Security Acceptance Co.* (1952), 38 Cal.2d 770, 786 [242 P.2d 873].) The existence of the requisite intent is always a question of fact and in ascertaining the fact the court may look to all the circumstances surrounding the transaction. Substance is more important than form and the name with which excessive payments be labeled or the guise under which they be exacted is quite immaterial if in truth they be for the forbearance of money. (*Terry Trading Corp.* v. *Barsky* (1930), 210 Cal. 428, 432 [292 P. 474].)"

In *Westman* v. *Dye*, 214 Cal. 28 [4 P.2d 134], the court, in considering the Usury Law and decisions relative thereto, held that the payments of usurious interest may be set off against the principal debt in actions brought to collect the latter; that where a renewal note is given containing and providing for usurious interest, or where usurious interest is exacted, the defense of usury, not only in the particular note sued upon, but in all of its predecessors where it exists, if it exists at all, is available to the maker as a defense; that as between the parties to the transaction or holders with knowledge all payments of usurious interest made on a series of notes will be applied to the extinguishment of the debt and this even though the parties have treated such payments as payment of interest; that the instant a payment is made of usurious interest it is applied to the principal, and the prin-

cipal indebtedness at the time of such payment is reduced to the extent thereof; that no part of the usurious payments is barred by the statute of limitations as long as the usurious loan remains unpaid.

In *Paillet* v. *Vroman,* 52 Cal.App.2d 297, 305 [126 P.2d 419], it is said:

"Where the lender brings an action to recover an indebtedness, none of the usurious payments, nor payments on renewal notes, are barred by limitation so as to preclude their use in the reduction of the principal debt. (*Westman* v. *Dye, supra; District Bond Co.* v. *Haley,* 2 Cal.2d 308 [41 P.2d 319]; *Taylor* v. *Budd,* 217 Cal. 262 [18 P.2d 333].)"

In this connection it should be noted that the statute of limitations applies when defendants seek to recover treble interest for they would be entitled to recover only the amount of interest paid within one year preceding the action and would be entitled to recover actual usurious interest paid prior to the year preceding the action and within two years of the suit. (*Taylor* v. *Budd,* 217 Cal. 262, 266 [18 P.2d 333].)

The trial court found, *inter alia:*

"1. That all of the allegations contained in plaintiffs' complaint are true except this court finds that interest is due at the rate of 8% per annum from January 1, 1956.

"2. That none of the allegations contained in defendants' answer are true except as they admit or concur with the allegations in plaintiffs' complaint. . . .

"4. That there is due and owing from the defendants to the plaintiffs the principal sum of $29,000.00 plus interest thereon at the rate of 8% per annum from January 1, 1956."

No findings were made as to the $16,820 paid by defendants as interest on the note or as to the issue raised by the answers that defendants were entitled to credit on the principal obligation or as to whether defendants were entitled to treble damages for usurious interest paid within one year from the filing of the action. Findings are required on all issues raised by the pleadings and evidence, unless they are waived and if the court renders judgment without making findings on all material issues, the case must be reversed. (*Andrews* v. *Cunningham,* 105 Cal.App.2d 525, 528 [233 P.2d 563].)

It is evident that the defendants were entitled to a credit on the principal of the note on which this action was brought and that the court erred in rendering judgment for the full amount of the principal. Plaintiffs, in demanding and securing the letter from defendants, agreed to pay a

bonus of 4 per cent on the money loaned in addition to the 8 per cent called for in the note and were attempting thereby to avoid the usury law. Plaintiffs argue that the said letter indicates that the bonus payment of 4 per cent was voluntarily paid and that therefore the total rate of 12 per cent was not usurious. (Citing *Goldenzwig* v. *Shaddock*, 31 Cal.App.2d 719 [88 P.2d 933].) That case is not controlling here as the contract (note and mortgage) and the letter were all signed on the same day and the contract at its inception was usurious.

Defendants' attempted appeal from the order denying a new trial is dismissed. (*Thomas* v. *Hunt Mfg. Corp., supra*, 736.)

The judgment is reversed.

Barnard, P. J., and Griffin, J., concurred.