[Civ. No. 6160.    Fourth Dist.    July 7, 1960.]

Estate of BASIL R. McAFEE, Deceased. LLOYD L. McAFEE, Appellant, v. FAYE M. McAFEE et al., Respondents.

554

Luce, Forward, Kunzel & Scripps and Marshall L. Foreman, Jr., for Appellant.

Ralph W. Squier, in pro. per., Davies & Burch and Robert B. Burch, Jr., for Respondents.

COUGHLIN, J.—By a petition for letters of administration the respondent, Faye M. McAfee, alleged that she was the widow of Basil R. McAfee, deceased, and requested appointment as administratrix of his estate. Thereupon, the appellant Lloyd McAfee filed objections to the foregoing petition, together with a counter petition requesting his appointment as administrator, alleging that Faye M. McAfee was not the widow of Basil R. McAfee; that he was the son of decedent; and that he was entitled to succeed to a portion of his father's estate. Subsequently, appellant filed a second petition for letters of administration and Faye M. McAfee filed an amended petition requesting that such letters be issued to the respondent Ralph W. Squier, as her nominee. Eventually a hearing was had upon these petitions. It was stipulated that Lloyd L. McAfee was the son of Basil R. McAfee. The evidence indicates that Faye M. McAfee was not the surviving spouse of Basil R. McAfee; that they lived together, at times representing that they were husband and wife and at other times representing that they were unmarried persons. For social purposes they were known as Mr. and Mrs. McAfee, but for family and business purposes, generally, they were known as Mr. McAfee and Mrs. Scott. Respondent Faye M. McAfee testified that she and Mr. McAfee agreed to be husband and wife in 1949 while they were on a visit to Las Vegas, Nevada, but that no marriage license was issued and no marriage cere-

mony was performed; that thereafter they lived in San Diego, California, as husband and wife; she was known as Mrs. McAfee except with respect to certain business matters in which she had been engaged prior to 1949; that she and Mr. McAfee made individual income tax returns under the names of Scott and McAfee respectively in which it was stated that the person making the return was unmarried; and that certain contracts were entered into by her under the name of Scott while others were executed under the name of McAfee.

At the close of the hearing, with respect to the issue raised by the allegations in the petition of Faye M. McAfee, and the denial thereof in appellant's objections thereto, that she was the surviving spouse of Basil R. McAfee, the court said: "I am not going to make a finding on this because this matter is going to come before a trial court. . . . I will make no finding as to whether she is married or not." Thereupon the court indicated his intention to appoint the respondent Squier as administrator. In the order making such appointment the court found:

". . . 2. That FAYE M. McAFEE has failed to establish by the evidence presented that she is the widow of the decedent.

"3. That LLOYD L. McAFEE has failed to establish by the evidence presented that FAYE M. McAFEE is not the widow of decedent, or that he, LLOYD L. McAFEE, is entitled to succeed to any part of the estate of said decedent.

"4. That no person having any priority thereto has claimed letters for themselves or their nominees.

"5. That RALPH W. SQUIER is a person legally competent to act as Administrator of the estate of said decedent."

From the order appointing respondent Squier as administrator, appellant Lloyd L. McAfee takes this appeal.

It is at once apparent that the trial court did not find upon the material issues presented for determination. The purported findings that Faye M. McAfee has failed to establish that she is the widow of the decedent and that Lloyd L. McAfee has failed to establish that Faye M. McAfee is not the widow of the decedent or that he is entitled to succeed to any part of the estate are not actual findings upon the issues presented. Instead, they present an apparent attempt to avoid making any finding on the issue as to whether or not Mrs. McAfee is the widow of the deceased. This conclusion is substantiated by the opinion of the trial judge expressed at the conclusion of the trial. ■■ Although such an opinion may not be used to impeach findings of fact made by the court, it

may be considered for the purpose of discovering the process by which the judge arrived at his conclusion (*Union Sugar Co.* v. *Hollister Estate Co.,* 3 Cal.2d 740, 750 [47 P.2d 273] ), and when such findings are ambiguous or uncertain, may be used as an interpretive aid. (*Moore* v. *Ojai Improvement Co.,* 152 Cal.App.2d 124, 128 [313 P.2d 47].)

■ "Where issues of fact are joined in contested probate matters findings are required." (*Estate of Mesner,* 95 Cal. App.2d 265, 267 [212 P.2d 267] ; *Estate of Rosland,* 76 Cal. App.2d 709, 710 [173 P.2d 830] ; *Estate of Kennedy,* 64 Cal. App.2d 757, 766 [149 P.2d 319] ; *Estate of Baird,* 59 Cal.App. 2d 303, 305 [138 P.2d 698] ; *Estate of Pala,* 55 Cal.App.2d 647, 649 [131 P.2d 593].)

■ A judgment rendered without findings on all material issues must be reversed. (*Krum* v. *Malloy,* 22 Cal.2d 132, 136 [137 P.2d 18] ; *James* v. *Haley,* 212 Cal. 142, 147 [297 P. 920] ; *Shirley* v. *Britt,* 152 Cal.App.2d 666, 670 [313 P.2d 875].) ■ These rules apply to contested petitions for letters of administration. (*Estate of Pendell,* 216 Cal. 384, 385 [14 P.2d 506] ; *Estate of Ingram,* 99 Cal.App. 660, 662 [279 P. 208].) ■ Not only must the court make findings on all material issues, but the findings made must be definite and certain. (*Sharove* v. *Middleman,* 146 Cal.App.2d 199, 201 [303 P.2d 900].)

■ If the findings made by the trial court in this case be interpreted to mean that the evidence introduced does not establish the facts referred to and, for this reason, constitute negative findings then, with respect to the husband and wife issue, the statements of the court are conflicting, and are equivalent to findings that Faye M. McAfee was and was not the widow of Basil R. McAfee. Such an interpretation would render the findings erroneous and, in addition, confirms the conclusion heretofore announced that the court made no findings on the issue in question.

Granting the nonexistence of a marriage between Faye M. McAfee and Basil R. McAfee, appellant, as decedent's son, was entitled to succeed to a portion of his father's estate (Prob. Code, § 222) unless, conceding the existence of a putative marriage between Faye M. McAfee and Basil R. McAfee, the whole of the property of the estate was acquired during such putative marriage. (*Estate of Krone,* 83 Cal. App.2d 766 [189 P.2d 741].)

■ "It is the duty of the court to determine which contestant is entitled to letters of administration and in determining such question, the question of descent is necessarily

involved.'' (*Estate of Raynor,* 165 Cal.App.2d 715, 722 [332 P.2d 416].)

To the extent that it may have been necessary to determine whether Lloyd L. McAfee was entitled to letters of administration, the court was required to determine whether Faye M. McAfee was the surviving spouse of the deceased and, if not, whether she was a putative spouse of the deceased and entitled to the whole of his estate. The mere fact that Faye M. McAfee and Basil R. McAfee lived together as husband and wife did not establish the existence of a putative marriage. A consideration of this issue would require a further determination as to whether or not the marriage relationship was entered into in good faith. (*Vallera* v. *Vallera,* 21 Cal.2d 681, 684 [134 P.2d 761]; *Estate of Foy,* 109 Cal.App.2d 329, 331 [240 P.2d 685]; *Estate of Raynor,* 165 Cal.App.2d 715, 722 [332 P.2d 416].) In the event the court found the nonexistence of a valid marriage and the existence of a putative marriage, it was necessary to make a still further determination as to whether the whole of decedent's estate was acquired during the existence of the putative marriage. If not, appellant would be entitled to succeed to a portion of that part of the estate otherwise acquired. In passing upon the right to letters of administration, the court was required to find upon all issues essential to a determination whether the decedent left a surviving spouse and, if not, whether his son was entitled to any part of his estate. (*Estate of Bevilacqua,* 31 Cal.2d 580, 584 [191 P.2d 752]; *Estate of Raynor,* 165 Cal.App.2d 715, 722 [332 P.2d 416].)

Also it should be noted that, granting the nonexistence of a valid marriage between Faye M. McAfee and Basil R. McAfee, appellant, upon proof that he was a son of the deceased, established a prima facie case that he was entitled to a portion of his father's estate (Prob. Code, § 222), and was not required to disprove any claim which Faye M. McAfee may have had to the whole of the estate. (*Estate of Bevilacqua,* 31 Cal. 2d 580, 585 [191 P.2d 752].)

The findings as made do not dispose of the material issues presented by the proceedings before the trial court and require a reversal of the order appointing respondent Squier as administrator.

The order appealed from is reversed.

Griffin, P. J., and Shepard, J., concurred.

A petition for a rehearing was denied August 3, 1960.