PEEK, P. J.
 

 Plaintiff appeals from an adverse judgment in an action in which he sought to cancel two deeds.
 

 Defendant, who wanted to lease some property in Shasta
 
 *720
 
 County, was introduced to plaintiff, who offered to sell a 5-acre tract for $750. After some discussion, defendant agreed to lease a portion of the property and a lease for a period of 10 years was entered into in April 1957. The total rental was $250, of which $100 was to be paid in May 1957 and the balance was to be paid in September 1957, if the water supply was adequate. Defendant made the initial payment and occupied the property. Shortly thereafter, at plaintiff’s request, defendant made the September payment, although it was not due. In July 1957, the water supply became inadequate and defendant requested that the $150 be returned to him. Plaintiff was unable to comply and the two men went to a notary public before whom plaintiff executed a deed to that portion of the property which defendant had agreed to lease.
 

 On August 16, 1958, a deed to the remaining portion of the property was executed by plaintiff. Defendant testified that the consideration of this deed was the cancellation of a debt of $550 which plaintiff owed defendant.
 

 Two years later, plaintiff brought this action against defendant and his wife to cancel the deeds. It was alleged in the complaint that in each transaction defendant induced plaintiff to convey the property by representing that the deeds were leases, and that defendant induced plaintiff to drink a sufficient quantity of wine which made him so intoxicated that he did not comprehend what he was doing. During the trial, evidence was received by the court tending to establish that plaintiff, although not without understanding, was of unsound mind. (Civ. Code, § 39.) At the conclusion of the testimony plaintiff, through his counsel, received permission from the court to amend his complaint to conform to the proof that he did not fully understand what he was doing when he signed each of the deeds and that he was not fully advised and did not fully understand the nature and effect of his signing them. Thereafter, findings of fact were prepared by counsel for .defendant and served on plaintiff’s counsel. Within five days after service of the proposed findings, counsel for plaintiff filed and served counter-findings and made a request for special findings on the following issues:
 

 “1. The mental incapacity of the plaintiff at the time of the execution of the deeds on July 17, 1957 and on August 16,1958.
 

 “2. The inadequacy of the consideration for the deeds dated July 17, 1957 and August 16, 1958,
 

 
 *721
 
 “3. The want of consideration for the deeds dated July 17,1957, and August 16,1958.
 

 “4. The mental competency of plaintiff to deal in transactions involving the transfer of title to his real property with á full understanding of his rights and the nature, purpose and effect of the deeds he signed.”
 

 The special findings were refused, the counter-findings rejected, the findings prepared by defendant’s counsel accepted, and judgment adverse to plaintiff on his complaint entered. This appeal followed.
 

 On appeal, plaintiff contends that the trial court did not make findings on all the facts necessary to support the judgment, and since he requested special findings pursuant to section 634 of the Code of Civil Procedure, this court may not infer that the trial.court found in favor of the prevailing party on the facts on which special findings were sought.
 

 “ When findings are questioned, it is the duty of an appellate court to compare them with all the evidence in the case, to consider them as a whole, and to construe them liberally in support of the judgment.”
 
 (Mashon
 
 v.
 
 Haddock,
 
 190 Cal.App.2d 151, 167 [11 Cal.Rptr. 865].) The application of this rule demonstrates that the requested special findings pertaining to the inadequacy of the consideration, or want of consideration, were not necessary. The court found that plaintiff by two deeds did convey for a valuable consideration the property involved in this litigation. This was all it was required to do. The adequacy of the consideration was a question of fact for the trial court to resolve and the evidence, although conflicting, amply supports its determination.
 

 However, there is no finding as to plaintiff’s mental capacity. “ ‘It has been established that in order to have relief under [Civ. Code, § 39] ... it is not necessary that one be incompetent to enter into any kind of contract or to transact any business. Rather the test is whether or not the party was mentally competent to deal with the subject before him with a full understanding of his rights. Such a question is to be determined by the court or jury and if there is found in the evidence any rational ground supporting its determination its conclusion on this point will be upheld.’
 
 (Stratton
 
 v.
 
 Grant,
 
 139 Cal.App.2d 814, 817 [294 P.2d 500].)
 

 “ ‘ [T]he fact that the grantor is lacking in such mental vigor as to enable him to protect himself against im-
 

 
 *722
 
 position is a reason for the interposition of equity to protect him, although the mental weakness is not such as to justify him in being regarded as totally incapacitated. ’
 
 (Stewart
 
 v.
 
 Marvin,
 
 139 Cal.App.2d 769, 775 [294 P.2d 114] ; see also
 
 Estate of Brast,
 
 69 Cal.App.2d 704, 713-714 [160 P.2d 193].) ”
 
 (PhWbrook
 
 v.
 
 Howard,
 
 157 Cal.App.2d 210, 214 [320 P.2d 609].)
 

 The record contains the testimony of a clinical psychologist, who stated that plaintiff was a borderline mental defective whose mental abilities were limited to simple, everyday situations, and who was unable to deal with abstractions such as the concept of title to property. This evidence could, but would not necessarily, compel a finding that plaintiff was unable to competently deal with the subject before him with a full understanding of his rights. There is nothing in the findings which determines this issue. As stated by this court in
 
 Calloway
 
 v.
 
 Downie,
 
 195 Cal.App.2d 348 [15 Cal.Rptr. 747] at page 352:
 

 “ ‘A judgment rendered without findings on all material issues must be reversed. ... Not only must the court make findings on all material issues, but the findings made must be definite and certain. ’
 
 (Estate of McAfee,
 
 182 Cal.App.2d 553, 556 [6 Cal.Rptr. 79].) Furthermore, it is now the statutory rule that ‘If upon appeal ... it appears that the court has not made findings as to all facts necessary to support the judgment, or that the findings are ambiguous or conflicting upon a material issue of fact, the court before which such appeal ... is pending shall not infer that the trial court found in favor of the prevailing party on such issue if it appears that the party attacking the judgment made a written request for a specific finding on such issue . . . prior to the entry of judgment. .. .’ (Code Civ. Proc., § 634.) ”
 

 On the issue of fraudulent inducement, the court found it was untrue “That thereafter and on or about the 16th day of August, 1958, defendant Charles H. Ellebrecht, with intent to deceive and defraud the plaintiff, procured and induced the plaintiff to execute and deliver to him, a deed conveying all of the above described land to said defendant and defendant Marie Ellebrecht in fee, by fraudulently and falsely representing to the plaintiff that said deed of conveyance was a lease of the remaining portion of the above described land to the defendants for a term of ten years. That said defendant knew that the said instrument was a deed to all of the above described land and that his representations
 
 *723
 
 were false and for the purpose of procuring said deed; and the plaintiff, relying upon said representations of said defendant, did execute and deliver said deed as and for, and believing it to be, such lease. That the plaintiff never intended to make or execute a deed to said defendants.” Inferentially, this finding also covers the question of delivery.
 

 The judgment is reversed insofar as it fails to determine the issue of mental capacity and the case is remanded with directions to the trial court to proceed on the sole issue of competency, in accordance herewith, either upon the evidence taken or such additional evidence as the parties, with the permission of the court, may see fit to offer. In all other respects the judgment is affirmed. Bach party is to bear its own costs on appeal.
 

 Schottky, J., and Pierce, J., concurred.
 

 The petitions for a rehearing were denied August 6, 1962, and appellant’s petition for a hearing by the Supreme Court was denied September 11, 1962.