[Civ. No. 26685.   Second Dist., Div. One.   Apr. 26, 1963.]

HARLAN WARD, Plaintiff and Respondent, v. McMAHAN'S OF TORRANCE et al., Defendants and Appellants.

512

Curran, Golden, McDevitt & Martin, Robert O. Curran, William O. Ward III, and O'Neill P. Martin for Defendants and Appellants.

Ronald L. Scheinman for Plaintiff and Respondent.

WOOD, P. J.—This is an action by a former employee of defendant corporations, McMahan's of Torrance and McMahan's of Vista, to recover compensation for overtime services and for vacation periods. He also sought to recover a bonus, under an oral contract, and penalties under section 203 of the Labor Code (failure to pay wages immediately). In a cross-complaint McMahan's of Torrance sought to recover from plaintiff the amount of bonuses it had paid to him and the balance allegedly unpaid for goods sold. After plaintiff had completed his presentation of evidence, the motion of the individual defendants (not the corporations) for judgment in their favor was granted. The judgment (as to the corporations) was (1) for plaintiff against McMahan's of Torrance for $3,768.81; (2) for plaintiff against McMahan's of Vista for $383; and (3) for McMahan's of Torrance (on its cross-complaint) against plaintiff for $139. (There is no provision in the judgment regarding the individual defendants.)

The defendant corporations appeal from the portions of the judgment in favor of plaintiff.

Appellants contend that the evidence does not support certain findings or the judgment; that the findings do not support the judgment; and that the court erred in rulings as to the admissibility of evidence.

It may be stated generally that defendants' principal arguments are that the court erred in receiving in evidence a collective-bargaining contract in which the parties named therein are the Retail Clerks Union, Local No. 905, as first party, and *McMahan's Furniture Co.*, as second party, and that the portion of the judgment, based on that contract, against McMahan's of Torrance ($3,263.81) is not supported by the evidence or the findings.

In July 1955 plaintiff was employed by defendant McMahan's of Torrance as a salesman in its furniture store, and he continued in that capacity until November 1958, when he became assistant manager of the store. In June 1959, by agreement, his employment by McMahan's of Torrance was terminated, and he was employed by defendant McMahan's of Vista as manager of its store. In January 1960, by agreement, his employmeent by McMahan's of Vista was terminated, and he was reemployed by McMahan's of Torrance as manager. In May 1960 he was discharged by McMahan's of Torrance for failure to follow its policies.

While plaintiff was employed by McMahan's of Torrance as a salesman he received $197 a month as wages and approximately $525 a month as commissions (including vacation pay based on commissions). As assistant manager of McMahan's of Torrance and as salesman he received $247.18 a month as wages and approximately $1,540 a month as commissions (including vacation pay based on commissions); and as manager there he received $700 a month as salary and approximately $925 a month as bonuses. As manager of McMahan's of Vista he received $700 a month as salary and approximately $810 a month as bonuses.

After plaintiff was discharged by McMahan's of Torrance in 1960, he commenced this action in which he sought to recover: (1) $6,161.80, under collective-bargaining contracts (of 1955 and 1956) allegedly entered into between defendants and the Retail Clerks Union, as compensation for overtime services rendered during the period he was employed as salesman and as assistant manager of McMahan's of Torrance; (2) $261, under said agreements, as compensation for vacation time which he alleged he was entitled to receive in 1956 and 1959; (3) $350, under a purported oral agreement made

with defendants about June 15, 1959, as compensation for vacation time he allegedly was entitled to receive in 1959 and 1960; and (4) $700 as a penalty under section 203 of the Labor Code.

In a cross-complaint McMahan's of Torrance sought to recover $26,000 from plaintiff for money had and received, and $22,139 for goods sold and delivered. During the trial the attorney for defendants stated that the cause of action for money had and received would be restricted to $3,713.74, which plaintiff had received as a bonus from McMahan's of Torrance during 1960. Also during the trial, the parties agreed that judgment on the cause of action of the cross-complaint for goods sold might be entered for $139.

The court received in evidence, over defendants' objection (hereinafter referred to), a collective-bargaining contract dated April 26, 1956. The first part of the agreement states that the agreement is made between the Retail Clerks Union, Local No. 905, as first party, and *McMahan's Furniture Co.*, 1306 Sartori, Torrance, California, as second party. The agreement was signed as follows:

> "Retail Clerks, Local No. 905
>
> By: Ben N. Scott, Secretary
> _____
> First Party
>
> By: Orville Trueblood, Manager
> _____
> Employer-Second Party"

The court found as follows: "On or about the 26th day of April, 1956, a written contract by and between the Retail Clerks Union, Local No. 905, as First Party, and *McMahan's Furniture Co.*, as Second Party, was signed by Ben N. Scott, Secretary, for First Party, and Orville Trueblood, Manager, for Second Party." (Italics added.) The court also found, among other things, in substance as follows: Plaintiff was a member of Retail Clerks Union, Local No. 905, from July 12, 1955, until June 15, 1959. He is entitled to recover $3,263.81 from McMahan's of Torrance, under the union contract, as compensation for overtime and double time services rendered between March 6, 1957, and June 15. 1959. He is entitled to recover $383 from McMahan's of Vista, as vacation pay for 1959 "based upon weekly earnings for the year 1958, less time received." He is entitled to recover $505 from McMahan's of Torrance as vacation pay for 1960 "based upon average weekly earnings for the first half of 1959 and one-

half manager's salary.'' Plaintiff's claim for compensation for overtime services rendered prior to March 6, 1957, is barred by the statute of limitations. Plaintiff is not entitled to recover ''for any item accruing prior to March 6, 1957.'' McMahan's of Torrance is entitled to recover $139 from plaintiff, under the cross-complaint, for goods sold and delivered to him. McMahan's of Torrance is not entitled to recover from plaintiff, under the cross-complaint, the amounts paid to him as bonuses. Plaintiff ''did violate company policy during the time he was manager at McMahan's of Torrance, but . . . [McMahan's of Torrance] was not damaged thereby.'' (The court did not make findings with respect to plaintiff's claims for a bonus, or for penalties under said section 203.)

Appellants (defendants) contend that the portion of the judgment against McMahan's of Torrance based upon the union contract ($3,263.81 for overtime) is not supported by the evidence or the findings. They contend further that the court erred in receiving the union contract in evidence.

Appellants argue that the findings do not support said portion of the judgment (for overtime pay) for the reasons that: there was no finding that Mr. Trueblood had authority to sign the contract upon behalf of McMahan's of Torrance; there was no finding that Mr. Scott had authority to sign the contract upon behalf of the union; there was no finding that McMahan's of Torrance entered into the contract with the union; there was no finding ''to connect'' McMahan's of Torrance with ''McMahan Furniture Co.,'' which is referred to in the findings as the second party to the union contract.

Section 634 of the Code of Civil Procedure provides, in part, as follows: ''If upon appeal . . . it appears that the court has not made findings as to all facts necessary to support the judgment, or that the findings are ambiguous or conflicting upon a material issue of fact, the court before which such appeal . . . is pending shall not infer that the trial court found in favor of the prevailing party on such issue if it appears that the party attacking the judgment made a written request for a specific finding on such issue . . . prior to the entry of judgment. . . .''

In *Calloway* v. *Downie*, 195 Cal.App.2d 348, 353 [15 Cal. Rptr. 747], it was said: ''The prohibition of section 634 of the Code of Civil Procedure against inferred findings applies if the party attacking the judgment requested a specific finding on the issue in question. [Citation.] The purpose of

the legislation was to compel trial judges to make findings on all material issues of fact.''

One of the issues, as set forth in the pretrial order herein, was whether each of the defendants entered into a collective-bargaining contract with the Retail Clerks Union in 1955 and in 1956. At the time plaintiff offered the contract in evidence, defendants objected thereto on the grounds that: the ''Statute of Limitation applies''; the contract was not the best evidence; and there was no foundation laid in that there was no evidence that Mr. Trueblood had authority in writing to execute any agreement. In support of their objection, defendants cited section 2309, and section 1624, subdivision 1, of the Civil Code.[1] The judge stated that he would overrule the objection, without passing upon the authority of the ''parties entering into this contract,'' receive the contract in evidence, and determine the question of authority later.

Prior to entry of judgment herein defendants objected to the findings, and requested specific findings ''on the issues'' as to: (1) whether Mr. Trueblood had ''written authority'' or ''any authority'' from McMahan's of Torrance to execute the contract upon its behalf; (2) whether Mr. Scott had written authority or any authority to execute the contract upon behalf of the union; and (3) whether McMahan's of Torrance ''became bound'' by the provisions of the contract, and if so, ''on what facts and on what legal theory.'' The question as to whether McMahan's of Torrance entered into the contract with the union was a material issue. A part of the judgment herein is against McMahan's of Torrance for $3,263.81 for overtime services. As above indicated, that part of the judgment was not based upon a contract made directly between plaintiff Ward and McMahan's of Torrance, but presumably was based upon provisions in the union contract which was between the union and McMahan's Furniture Co. There was evidence that McMahan's of Torrance and McMahan's of Vista were separate corporations. It does not appear what connection there is, if any, between McMahan's of Torrance and McMahan's Furniture Co. It thus appears that the judgment

---

[1]Section 2309 of the Civil Code provides: ''An oral authorization is sufficient for any purpose, except that an authority to enter into a contract required by law to be in writing can only be given by an instrument in writing.''

Section 1624, subdivision 1, provides that an agreement is invalid ''that by its terms is not to be performed within a year from the making thereof.''

against McMahan's of Torrance was based in some manner upon the written contract in which the name McMahan's of Torrance does not appear. It would seem that the findings should disclose the factual basis upon which liability on the part of McMahan's of Torrance was based. ■ The request of defendants for specific findings, as to whether McMahan's of Torrance became bound by the written contract between the union and McMahan's Furniture Co., and if so, on what facts and what legal theory, was a sufficient request for specific findings of fact as to the basis for rendering judgment against McMahan's of Torrance which was not named in the contract. The court did not make a finding that McMahan's of Torrance executed the contract, or make findings of fact upon which it based its finding that plaintiff was entitled to judgment against McMahan's of Torrance. Under section 634 of the Code of Civil Procedure, since such requested specific findings were not made, it cannot be inferred on appeal that the court found in favor of plaintiff on the issue of whether McMahan's of Torrance executed the contract. In *Estate of McAfee,* 182 Cal.App.2d 553, 556 [6 Cal. Rptr. 79], it was said: "A judgment rendered without findings on all material issues must be reversed." The findings are insufficient to support the judgment against defendant McMahan's of Torrance for overtime services.

Defendants contend that the portion of the judgment against them based upon compensation for vacation periods ($505 against McMahan's of Torrance, and $383 against McMahan's of Vista) is not supported by the evidence or the findings.

In the complaint plaintiff sought to recover $261, as vacation pay for 1956 and 1959 under agreements allegedly entered into between defendants and the Retail Clerks Union in 1955 and 1956, and $350 as vacation pay for 1959 and 1960 under an oral agreement allegedly entered into between defendants and plaintiff about June 15, 1959.

The provisions of the contract between "McMahan's Furniture Co." and the union (referred to above) were to the effect that a regular full time clerk would be entitled to receive two week's vacation annually, with full pay, after he had been employed for one year, and the amount of the vacation pay for a furniture salesman on commission would be based on his average weekly earnings during the preceding year.

The evidence as to oral contract between plaintiff and defendant consisted of the testimony of plaintiff. Plaintiff's tes-

timony, regarding an oral contract for vacation pay, was as follows: He was "due to go" on vacation on Saturday night (June 13, 1959). On Monday (June 15, 1959) he began work as manager of the Vista store. He was hired as manager of that store by Mr. McMahan and Mr. Bolton (supervisor of stores for McMahan's of Torrance and McMahan's of Vista). At that time, Mr. Bolton told him that: he would have to take his vacation later, or that he would be paid; he would either be paid or would "get a month the following year to make up for it." He had two days vacation in 1959, and he had "ten days coming." His claim for compensation for the 10-day period (in 1959) was based upon the services rendered by him in 1958, and upon his average weekly earnings for that year, "according to the union contract." The amount of his claim for vacation pay for 1959 was $383. His claim for compensation for the vacation period in 1960 was based upon "one week's salary as a manager [presumably for the last half of 1959] and the average weekly earnings for the first six months of 1959." The amount of his claim for vacation pay for 1960 was $175 for one week, and $330 for the other week (total $505).

With respect to compensation for vacation periods, the court found as follows: During the period from June 15, 1959, to January 15, 1960, plaintiff was employed by Mc-Mahan's of Vista, as manager, pursuant to an oral contract which provided that plaintiff was to receive a salary of $700 a month, plus a bonus, plus two weeks' paid vacation. During the period from January 15, 1960, to May 9, 1960, plaintiff was employed by McMahan's of Torrance, as manager, pursuant to an oral contract which provided for a salary of $700 a month, plus a bonus, plus two weeks' vacation. Plaintiff did not receive a paid vacation during the above mentioned periods from either McMahan's of Torrance or McMahan's of Vista, and he is entitled to be compensated therefor.

There was no evidence that McMahan's of Vista agreed to pay to plaintiff vacation pay for 1959 based upon the services rendered by him in 1958 as an employee of McMahan's of Torrance and his average weekly earnings as an employee of McMahan's of Torrance in 1958; and there was no evidence that McMahan's of Torrance agreed to pay to plaintiff vacation pay for 1960 based on his average weekly earnings for the first six months of 1959, and on one-fourth his monthly salary as manager of McMahan's of Vista (for the last half

of 1959). It seems that the amount which the court found that plaintiff is entitled to recover from McMahan's of Vista as vacation pay for 1959 is based upon plaintiff's testimony as to the amount of his claim, under the union contract, for services rendered in 1958; and it seems that $330 of the $505 which the court found that plaintiff is entitled to recover from McMahan's of Torrance as vacation pay for 1960 is based upon plaintiff's testimony as to the amount of his claim, under the union contract, for services rendered by him during the first half of 1959. As above stated, the court did not find that McMahan's of Torrance entered into the contract with the union, and there was no finding that McMahan's of Vista entered into the contract with the union. The evidence does not support the finding with respect to the amount plaintiff is entitled to recover as vacation pay from McMahan's of Vista, or the finding with respect to the amount plaintiff is entitled to recover as vacation pay from McMahan's of Torrance, or support the portions of the judgment based thereon.

The judgment is reversed, except as to the portion thereof awarding $139 to McMahan's of Torrance.

Fourt, J., and Lillie, J., concurred.